MAYBIN, administrator, *vs.* KNIGHTON *et al.*

Courts of ordinary have general jurisdiction of the granting or revoking of letters of administration, and a judgment granting letters cannot be collaterally attacked by showing that the applicant was not a citizen of Georgia.

Ordinary. Jurisdiction. Administrators and Executors. Before Judge FLEMING. Randolph Superior Court. May Term, 1881.

Reported in the decision.

KENNON & HOOD; C. B. WOOTEN, for plaintiff in error.

T. J. FLEWELLEN; W. C. WORRILL, for defendants.

SPEER, Justice.

Maybin, the plaintiff in error, as the administrator of Moses Knighton, filed his bill in Randolph superior court against the defendants for an account and settlement. When the parties announced ready and a jury was empannelled, counsel for respondents moved to dismiss the bill, on the ground that at the time complainant was appointed administrator on the estate of Moses Knighton, his intestate, he, the said administrator, was and still is a citizen of the state of Alabama, and that the mother of com-

plainant, still in life, is a daughter of complainant's intestate. On being inquired of by the court, complainant's counsel admitted that such were the facts, but insisted that such facts could not be inquired into on this trial, and that the judgment of the court of ordinary appointing complainant administrator was conclusive and could not be attacked in this way.

It was further admitted that complainant had been appointed administrator after the usual legal proceedings in the court of ordinary, Randolph county, Georgia, where complainant's intestate lived at the time of his death, and that said complainant was appointed before the commencement of this suit, administrator of the estate of said intestate, and letters of administration had issued to him accordingly." After argument had, the court sustained said motion and dismissed said bill, whereupon complainant excepted and assigned the same as error. The question made by this record is whether the judgment rendered by the court of ordinary of Randolph county, in the appointment of this administrator could be *collaterally* attacked by showing that the complainant was not a citizen of this state at the time of his appointment. To give the court of ordinary jurisdiction in the appointment of an administrator, it "must be had in the county of the residence of the deceased if a resident of this state, and if not a resident, then in some county where the estate or some portion thereof is." Code, §2502.

None but citizens of the United States residing in the state of Georgia are qualified to be made administrators, except as provided in the next section. Code, §2492. The exception is when the citizen of another state shall be heir at law of equal, greater or sole interests of any estate of a deceased citizen of Georgia. Code, §2493.

While we recognize these provisions of the Code, and it would be our duty to give them effect where properly invoked as to time and place; yet the question presented here is whether this judgment pronounced by the

court of ordinary can be thus *collaterally attacked* by showing that the applicant for letters thus appointed was a non-resident of the state and did not fall within the exceptions as provided by the Code.

We think the principle is substantially ruled by this court in the case of *Tant vs. Wigfall,* 64 *Ga.,* 412, in which the Chief Justice in delivering the opinion of the court, ruled: "Courts of ordinary have general jurisdiction of the granting or revocation of letters of administration. Therefore the judgment granting letters to a particular estate cannot be impeached collaterally on the ground that the *decedent* resided in a different county. Such a judgment must be attacked in the court where it is rendered, especially so when the judgment itself recites the fact that the deceased was late of that county."

If it was not competent to show total *want* of jurisdiction in the court of ordinary, to grant letters by showing the decedent was a resident of a different county at the time of his death from the one in which the letters issued, surely it would not be competent to show that the applicant for said letters was disqualified for the appointment, by reason of his non-residence in the state.

We are aware, in the case cited by defendant in error, 18 *Ga.,* 173, this court held that "it might be shown collaterally by way of attacking the legality of an appointment of an administrator, that the intestate did not reside in the county of Taliaferro at the time of his death, but did reside in the county of Oglethorpe;" but that decision was made prior to the adoption of our Code, and at a time when courts of ordinary were held to be courts of limited jurisdiction. Since the adoption of the Code the court of ordinary has been declared a court of general jurisdiction and its judgments and proceedings import that verity and are entitled to that conclusiveness that attach to courts of general jurisdiction elsewhere.

That the court of ordinary in this case had jurisdiction

of the subject matter and full authority to appoint a representative of the estate of the deceased, who, at his death resided in Randolph county, is admitted to be true. That due notice was given of this application for appointment is also admitted, and if there was objection to this applicant it should have been made on the day and place fixed by any one interested therein. If one was appointed who under the law was *disqualified*, the appointment is valid, at least until the appointment is vacated, and the court of ordinary is the proper tribunal, in our judgment, to whom the respondents should apply to set aside the judgment making this appointment, if their objection is well founded in law.

Let the judgment of the court below be reversed.