No. 13,824.

WINSLOW ET AL. *v.* DONNELLY.

WILL.—*Collateral Attack upon.*—*Action to Quiet Title.*—A will which has been duly admitted to probate in another State can not be attacked in an action to quiet title brought in this State, although the execution of the will was procured by fraud.

PRACTICE.—*Finding of Trial Court.*—*Inferences in Support of.*—The finding of the trial court will not be disturbed where the evidence supplies grounds for inferences in support of it.

From the Porter Circuit Court.

*E. D. Crumpacker* and *P. Crumpacker*, for appellants.

*W. E. Pinney* and *A. L. Jones*, for appellee.

ELLIOTT, C. J.—The appellants seek a decree quieting title, and allege in their complaint that their title is clouded by a devise to the appellee. They aver that the will containing the devise was procured by the fraud of the devisee, who induced the testatrix to marry him, although he had a wife living at the time, from whom he had not been divorced.

The complaint also alleges that the will " was duly admitted to probate in the District Court of Cedar county, in the State of Iowa, and a duly authenticated copy of said will, and the probate thereof from said District Court of Cedar

county, has been filed and recorded, under the provisions of the statutes of this State, in Porter county."

The trial court did not err in sustaining the appellee's demurrer to the complaint. The judgment of the District Court of Cedar county, Iowa, precludes the appellant from attacking the will in an action to quiet title. Whether a direct attack upon the will for fraud could be maintained is not the question, for the present attack is a collateral one, and is unavailing. The decision in *Harris* v. *Harris,* 61 Ind. 117, goes much farther than we are required to do here, for it denies the right to attack in any method and for any cause. It is possible that the decision we refer to attaches greater force to the fourth article of the Federal constitution than it is entitled to receive under the decisions of the Supreme Court of the United States; but, however this may be, we think it quite clear that the present attack can not be successful. *Robertson* v. *Pickrell,* 109 U. S. 608.

Our reasons for holding that the present attack is unavailing are : 1st. That the general rule is that the judgment of a court of competent jurisdiction can not be collaterally impeached; and, 2d. That if the will here under mention can be impeached at all for fraud, it must be in the method provided by statute, and not in an action to quiet title. The American decisions declare that a will which has been admitted to probate can not be set aside, upon the ground of fraud, in a collateral proceeding. *Case of Broderick's Will,* 21 Wall. 503; *State* v. *McGlynn,* 20 Cal. 233.

The cross-complaint of the appellee is substantially an ordinary complaint to quiet title, and alleges that the cross-complainant is the owner in fee of the land. The appellants answered the cross-complaint, alleging that the only claim of title the cross-complainant had was that conferred by the will, and that the will was procured by his fraud in representing himself to the testatrix as her husband, when he was, in fact, married to another woman at the time he assumed to marry the testatrix. The answer avers that the

will was duly admitted to probate by the District Court of Cedar county, Iowa, so that the question is substantially the same as that presented upon the complaint. For the reasons already given, the answer must be declared insufficient. It is pleaded as a bar to the cross-action, and seeks to collaterally impeach the judgment of the Iowa court, and this, as we have seen, can not be done in this action.

There is some confusion in the record, but we think it sufficiently clear that the demurrer was addressed to the cross-complaint, and not to the answer of general denial.

The agreement of the parties, and the other evidence in the case, supplied grounds for inferring that the land claimed by the appellee is the same as that mentioned in the devise to him. This is sufficient to sustain the finding of the trial court. *Indianapolis, etc., R. R. Co.* v. *Collingwood*, 71 Ind. 476 ; *Heaton* v. *Shanklin*, 115 Ind. 595.

Judgment affirmed.

Filed June 28 1889.