(118 App. Div. 488)

### In re WIGGINS.

(Supreme Court, Appellate Division, Third Department. March 28, 1907.)

1. ADMINISTRATORS—ADMINISTRATOR WITH WILL ANNEXED—PETITION FOR APPOINTMENT—AMENDMENT.

Where, after the filing of a petition asking for the appointment of an administrator with the will annexed, petitioner filed another petition referred to as an amended petition, without obtaining an order permitting the amendment, and no citation was issued on such amended petition, such petition had no proper place in the proceeding, and should have been disregarded.

2. SAME—SUFFICIENCY OF PETITION.

Since, under the express provisions of Code Civ. Proc. §§ 2643, 2644, a stranger to an estate cannot be appointed administrator with the will annexed without the citation or renunciation of all the legatees, next of kin, heirs, devisees, and creditors, a petition for the appointment of an administrator with the will annexed, failing to show that there was no person entitled to letters of administration prior in right to the person appointed, or that such person prior in right was cited or had renounced such right, it nowhere appearing what relationship the person for whom letters were prayed sustained to the estate of the deceased, was insufficient.

Appeal from Surrogate's Court, Broome County.

In the matter of the application of Marie S. Wiggins for letters of administration with the will annexed of Henry A. Sheldon, deceased. From a decree appointing an administrator with will annexed, Isabel D. Durr appeals. Reversed.

See 103 N. Y. Supp. 177.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Curtiss, Arms & Keenan, for appellant.
Weill & Weill, for respondent.

COCHRANE, J.  On June 25, 1906, the respondent, Marie S. Wiggins, filed in the surrogate's office of Broome county a petition having for its object the appointment of an administrator with the will annexed of Henry A. Sheldon, deceased.  In such petition she described herself as one of the legatees and next of kin of said deceased. It was therein alleged that letters testamentary had been previously issued to George M. Burr and Scebelia H. Sheldon, the surviving executors named in said will; that one of said executors had died, and the letters testamentary issued to the other had been revoked; that the only next of kin of the decedent were the petitioner and Isabel D. Burr, a daughter.  On this petition a citation was issued to said Isabel D. Burr returnable July 30, 1906.  On the return of the citation, Isabel D. Burr appeared specially for the purpose of objecting to the sufficiency of the petition and to the jurisdiction of the surrogate to appoint an administrator with the will annexed.  No action at that time seems to have been taken in reference to the appellant's objections.  The next step seems to have been on October 12, 1906, when another petition was filed by the petitioner, in which she again asked for the appointment of an administrator with the will annexed.  This latter petition is referred to as an amended petition.  No order, however, appears to have been made permitting an amendment of the original petition; nor does the latter petition refer to the original petition, or purport to be anything except a complete petition, independent of anything which had occurred prior to the time when it was filed.  It demands, among other things, that all persons required to be cited by the Code of Civil Procedure may be cited to show cause why a decree should not be made granting letters of administration, with the will annexed.  No citation was issued on this latter petition, nor does it appear that the appellant had any notice thereof.  It is clear that this latter petition, improperly described as an "amended petition," has no proper place in the proceeding, and must be disregarded.

The decree appealed from cannot be sustained by reference to the first petition.  It nowhere appears what relationship Theodore R. Tuthill, the person appointed administrator with the will annexed, sustains to the estate of the deceased.  If he is a stranger to the estate, he could not be appointed without the citation or renunciation of all the legatees, next of kin, heirs, devisees, and creditors.  Sections 2643 and 2644 of Code of Civil Procedure.  The original petition should have made it appear that there was no person entitled to letters of administration prior in right to the person appointed, unless such person prior in right was cited or had renounced such right.  This the petition failed to do.  This point was duly taken by the preliminary objections filed by the appellant, and such objections should have been sustained. It does not appear that the surrogate at the time took any action on such objections.  The decree recites that they were overruled; but the natural inference is from the language of the decree, and it is so

expressly stated by respondent that they were overruled after the second petition was filed, probably for the reason that it was thought that the second petition cured the defects of the first petition.

As we have seen, the appellant was not in court in answer to the second petition, and, as the first petition was insufficient to authorize the surrogate to make the decree appealed from, such decree must be reversed, with costs, and the proceeding dismissed, with costs. All concur; SMITH, P. J., in result.