# ALABAMA GREAT SOUTHERN RAILROAD COMPANY v. HILL.

1. Under the statutes of Alabama, the probate court of the county of a decedent's last residence has jurisdiction to grant letters of administration, without notice or citation, to certain classes of persons in a stated order of priority; the husband or widow being given the first preference. If neither husband or widow, next of kin, nor largest creditor residing in the State applies for letters of administration within forty days from the death of the decedent, the judge of probate may appoint some other person as administrator. The jurisdiction of the court of probate to grant letters of administration by virtue of these statutes, as interpreted by the Supreme Court of Alabama, depends not on the selection of the person to be clothed with the trust, but on the authority of the particular court to appoint a personal representative on the estate; and the grant of administration within forty days after the death of the intestate to a person who has not a preferred right is premature, but it will not be revoked on that account at the instance of a person who had a prior right, but who did not make his application until after the expiration of forty days. It follows, therefore, that the grant of administration by the court of probate of the county of the last residence of an intestate to a person not included within the preferred classes, within forty days of the death of the intestate, is not void, even though the administration of the estate is granted to such person upon the relinquishment of the right of one who represented herself to be the widow of the decedent, but who in fact was not his widow.

2. The statutes of Alabama pertaining to the grant of administration upon the estate of deceased persons, without notice or citation to heirs and creditors, contain reasonable provision for the distribution of such estates, and do not offend the due-process clause of the Federal constitution.

3. A judgment of a court of probate of the State of Alabama, granting letters of administration, rendered by a court having jurisdiction of the subject-matter, and apparently legal on its face, when offered as evidence in a cause pending in this State, can not be collaterally impeached for fraud.

4. The plea of res adjudicata was sustained, and the verdict is contrary to law.

JANUARY 14, 1913.

Action for damages. Before Judge Fite. Dade superior court. December 18, 1911.

*Foust & Payne,* for plaintiff in error.

*Neel & Neel,* contra.

EVANS, P. J. This is a suit by Charlie Hill, temporary administratrix of George Hill, against the Alabama Great Southern Railway Company, to recover damages for the alleged wrongful death of her intestate. She alleged that she had been duly ap-

pointed administratrix by the court of ordinary of Whitfield county, Georgia; and in aid of her right to recover she set forth the employer's liability act of Alabama and the Federal employer's liability act. The injury was alleged to have occurred in the State of Alabama. The railroad company denied liability, and also pleaded that the matter of controversy was res adjudicata. It averred that George Hill was a resident of Jefferson county, Alabama, at the time of his death, and that J. Wiley Logan was appointed and qualified as administrator of his estate pursuant to the judgment of the probate court of Jefferson county, Alabama, which court had jurisdiction of the subject-matter, and that afterwards Logan as administrator of George Hill instituted suit against it in the city court of Birmingham, Jefferson county, Alabama, a court of competent jurisdiction to entertain such suit, to recover damages on account of the death of George Hill, which suit eventuated in a judgment in favor of the plaintiff for $550, which judgment had been satisfied by payment to the administrator. The trial resulted in a verdict for the plaintiff. A motion for new trial was overruled. The principal defense of the railroad company was that of former recovery. It introduced in evidence the transcripts of the judgments referred to in its answer, and copies of certain sections of the Code of Alabama pertaining to the administration of estates. The plaintiff assailed these judgments as void on the ground that they were procured by the fraud and collusion of the administrator and the railroad company; and on the further grounds, that the appointment of Logan as administrator was void, because made on his ex parte application on the same day of its filing, without the consent of the widow, and without notice to her or any of the heirs at law of the decedent, by publication or otherwise; and that the plaintiff, being the widow, was entitled under the law of Alabama to the administration of her deceased husband's estate.

1. We will first notice the point that the judgment of the court of probate granting administration to Logan was void for lack of jurisdiction over the subject-matter. It appeared in evidence that the decedent was a resident of Jefferson county, Alabama, at the time of his death, and that he was killed by the railroad company in the State of Alabama on September 30, 1906. Sixteen days thereafter, to wit, October 15, 1906, J. Wylie Logan made appli-

cation to the probate court of Jefferson county, Alabama, for appointment as administrator on his estate, alleging, among other things,, that the decedent left a widow, one Fannie Hill, who endorsed upon the application a renunciation and relinquishment of her right to· act as administratrix of the estate of George Hill, and a consent that applicant should act as administrator. On the same day an order was passed appointing Logan as administrator, who gave bond and to whom letters of administration were issued. In point of fact Fannie Hill, who gave the relinquishment to Logan, was not the widow of George Hill, but Charlie Hill, the plaintiff in the present suit, is his widow.

It is the law of Alabama, that courts of probate within their respective counties shall have authority to grant letters of administration on the estates of persons dying intestate, where the intestate at the time of his death was an inhabitant of the county; "that administration of an intestate's estate must be granted to some one of the persons herein named, if willing to accept, and fit to serve, in the following order: 1. The husband or widow. 2. The next·of kin entitled to share in the distribution of the estate. 3. The largest creditor of the intestate residing within the State. 4. Such other person as the judge of probate may appoint;" that if neither of the three preferred classes just mentioned applies for administration in forty. days after the ·death of the intestate is known, the person entitled to the administration of the estate will be held to have relinquished his right to the administration; that "any person entitled to administration may relinquish his right thereto in the same manner as executors are authorized to renounce their appointment;" that "no letters of administration must be granted until the expiration of fifteen days after the death of the intestate is known;" that letters of administration are conclusive evidence of the authority of the person to whom the same are granted from the date thereof until the same are revoked, and extend to all the property of the deceased in the State. Code of Alabama, vol. 2, §§ 2519 to 2530, inclusive. The Supreme Court of Alabama, in construing these statutes, has held that a grant of administration within forty days after the death of the intestate to a person who has not a preferred right is premature, but it will not be revoked on that account, at the instance of a person who had a prior right, but who did not make his application until after

the expiration of forty days, his prior right being thereby relinquished. Markland v. Albes, 81 Ala. 433 (2 So. 123). The jurisdiction of the court of probate to grant letters of administration depends, not on the selection of the person to be clothed with the trust, but on the authority of the particular court to appoint a personal representative on the estate. Brantley v. Broughton, 34 Ala. 694. Inasmuch as the decedent's widow did not apply for administration within forty days of her husband's death, Logan's appointment was not void simply because an unauthorized person consented to his appointment.

2. Nor do we think Logan's appointment was void because the Alabama law makes no provision for notice. It will be observed that George Hill was a resident of Jefferson county, Alabama, at the time the probate court of that county appointed an administrator on his estate. The cause of action in this case originated in the State of Alabama, and, under the law of that State authorizing administrators to sue, the right of action was within the jurisdiction of the Alabama court. The right to regulate concerning the estates of deceased residents within the limits of the State belongs to all governments, to the end that they may be able to perform the purposes for which government exists; and statutes which make reasonable provision for the protection and distribution of such estates are not void because they fail to provide for notice to the heirs at law, as a condition to the grant of administration. The grant of letters of administration is to be treated in effect as a proceeding quasi in rem. Cunnius v. Reading School District, 198 U. S. 458 (25 Sup. Ct. 721, 49 L. ed. 1125, 3 Ann. Cas. 1121); Anderson v. Green, 46 Ga. 384.

3. This brings us to the question whether, under the full faith and credit clause of the Federal constitution, the judgment of a court of a sister State is collaterally impeachable for fraud. It is well settled in this State that a judgment of a court having jurisdiction of the subject-matter and the parties can not be collaterally attacked. This rule has been applied to the grant of letters of administration, where it has been held that a judgment granting letters of administration can not be collaterally attacked by showing that applicant was not a citizen of Georgia and therefore not qualified to be appointed administrator in this State. Maybin v. Knighton, 67 Ga. 103; Jones v. Smith, 120 Ga. 642 (48 S. E.

134) ; *Sharpe* v. *Hodges,* 121 *Ga.* 798 (49 S. E. 775). Nor can a judgment granting letters of administration be collaterally attacked by showing that the applicant was not next of kin to the decedent nor otherwise entitled to administer the estate of the decedent. *Medlin* v. *Downing Lumber Company,* 128 *Ga.* 115 (57 S. E. 232). The same rule is in force in Alabama, where it is held that the granting of administrations by the probate court, being derived from the constitution of that State, is original and general, and can not be assailed collaterally. *Barclift* v. Treece, 77 Ala. 528; Breeding v. Breeding, 128 Ala. 412 (30 So. 881) ; Winter v. London, 99 Ala. 263 (12 So. 438).

But it is said that a collateral attack on a judgment on the ground of fraud is allowable as an exception to the general rule. Dicta to this effect may be found in our reports. In some instances the remark is made in passing, without special reference to the point under discussion; in others it will be found that the collateral attack was justifiable on other principles. Thus in *Sharman* v. *Morton, 31 Ga.* 45, and in *Thomas* v. *Morrisett,* 76 *Ga.* 397, one of the points was whether a defendant in a foreign judgment could collaterally attack it by showing that he had not been served, notwithstanding the record showed a return of service; and the court held that this could be done on the universally accepted principle that want of jurisdiction in a court to render a judgment in personam on the ground of want of service may be collaterally shown. In those cases the fraud consisted in obtaining service of the suit on the defendant. Other cases depend on statutes which make an exception. Thus, an attack may be collaterally made on a judgment of discharge procured by an administrator by fraud; the statute declares such a judgment to be void. *Pass* v. *Pass,* 98 *Ga.* 791 (25 S. E. 752). Other exceptions exist,—such as where the judgment bears a fatal defect on its face, and where the court is without jurisdiction of the subject-matter and of the person. Likewise creditors or bona fide purchasers may collaterally attack a judgment for fraud whenever and wherever it interferes with their rights. Civil Code, § 5966. But in order to allow a collateral attack the judgment must be void. Civil Code, § 5968. The statute declares that "the judgment of a court of competent jurisdiction can not be collaterally attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed

or set aside." Therefore a judgment procured by fraud must be deemed as absolutely void before it can be collaterally attacked. While a judgment procured by fraud may be set aside for the fraud in a direct proceeding, still, if the judgment is rendered by a court of competent jurisdiction, the parties are concluded by it until it is set aside. Van Fleet on Collateral Attack, § 550; *Grier* v. *McLendon,* 7 *Ga.* 362, 365; *Griffin* v. *Sketoe,* 30 *Ga.* 300; Thompson *v.* Tomlie, 2 Pet. 157 (7 L. ed. 381). The judgment is voidable for the fraud, but is not absolutely void until vacated in a direct proceeding. And it has been held that a party to a judgment can not collaterally attack it for fraud, even though the judgment was rendered by the same court in which the suit was pending. *Porter* v. *Rountree,* 111 *Ga.* 369 (36 S. E. 761). Our investigation of the authorities convinces us that the general rule is, that a judgment of a court of probate can not be set aside upon the ground of fraud, in a collateral proceeding. Broderick's Will, 21 Wall. 503 (22 L. ed. 599); Simmons *v.* Saul, 138 U. S. 439 (11 Sup. Ct. 369, 34 L. ed. 1054); Winslow *v.* Donnelly, 119 Ind. 565 (22 N. E. 12); Estate of Davis, 151 Cal. 318 (86 Pac. 183, 90 Pac. 711, 121 Am. St. R. 125); Raborg *v.* Hammond, 2 Harr. & G. 42.

4. As we have already indicated, the judgment of the court of probate was in the nature of a judgment in rem, and the court had jurisdiction of the subject-matter. It only remains to be said what effect will be given to it when introduced in evidence in a cause pending in this State. If the Alabama administration is not void, it follows that the administrator had the right to prosecute the suit which he brought. "Judgments recovered in one State of the Union, when proved in the courts of another, differ from judgments recovered in a foreign country in no other respect than that of not being re-examinable upon the merits, nor impeachable for fraud in obtaining them, if rendered by a court having jurisdiction of the cause and of the parties." Hanley *v.* Donoghue, 116 U. S. 1 (6 Sup. Ct. 242, 29 L. ed. 535). The constitution of the United States demands that full faith and credit shall be given in each State to the judicial proceedings of every other State. If we follow this constitutional mandate, we can not reach any other conclusion than that the defendant sustained its plea of res adjudicata. In view of this disposition of the case, the other rulings complained of become immaterial.

*Judgment reversed. All the Justices concur.*