Argued December 4, 1923, affirmed January 29, rehearing denied February 26, 1924.

RE ESTATE OF CHARLES ROEDLER. JAMES N. DAVIS v. EARL SMITH AND J. P. FINLEY & SON.

(222 Pac. 301.)

Executors and Administrators—Nomination by Creditor Does not Put Nominee in Preferred Class.

1. A petition by an alleged creditor for appointment of one therein named as administrator does not put the person so designated in the preferred class, under Section 1150, Or. L.

Executors and Administrators—Statutes Ordinarily Leave No Discretion With Respect to Appointment of Administrators.

2. Statutes regulating the order in which administration may be granted are mandatory, and leave the courts no discretion, save where there are two or more persons equally entitled under the statute, or where a question arises as to the fitness or qualifications of the person or persons primarily entitled to the appointment.

Executors and Administrators—Petition for Appointment not Given Priority Because of Previous Oral Communication.

3. The Circuit Court is a court of record, and should speak through its records, and it acquires jurisdiction of an estate by a written petition, and oral representations made to the circuit judge by an attorney asking for the appointment of S. as administrator did not place the petition afterward filed by him prior in time to that of another whose petition was first filed.

Executors and Administrators—Court's Discretionary Appointment will not be Set Aside Except for Abuse of Discretion.

4. Where neither of the parties nominated in petitions for appointment as administrator had any interest in the estate as heir or creditor, and each stated the same jurisdictional facts, neither could demand the appointment as a matter of law, even though his petition was first filed, but the court could appoint either one, in view of Section 1150, Or. L., and its appointment would not be set aside in the absence of abuse.

Executors and Administrators—Appointment Though Premature not Void and not Set Aside Merely Because It Ignored Prior Petition.

5. Where a rule of court provided for the hearing of petitions for appointment as administrator after the expiration of three days from their filing, and appointment of one who was not in preferred class, within Section 1150, Or. L., on the same day the petition was filed, though irregular, was not void, and could be set aside only on application of some person having a lawful interest in the estate, and not at the instance of one whose right to appointment was based wholly upon a prior petition and who did not claim the court failed to select a qualified and competent person.

Appeal and Error—Appellate Court will not Decide Constitutionality of Statute if Other Grounds Sustain Disposition of Case.

6. The appellate court will not pass on the constitutionality of a statute whenever there appears of record other grounds sufficient to sustain a proper disposition of the case.

Statutes—Statute as to Disqualification of Judges Construed as Entirety.

7. The statute (Sections 45—1 to 45—4, Or. L.), relating to the disqualification of judges of the Circuit Court, should be construed in its entirety.

Judges—Presiding Justice not Empowered to Transfer Hearing of Motion to Set Aside Judgment Order.

8. The statute (Sections 45—1 to 45—4, Or. L.), relating to the disqualification of judges of the Circuit Court and providing for change of venue of a suit or action to an impartial judge, does

---

4. Right to appeal from order appointing or denying appointment of executor or administrator, see note in Ann. Cas. 1913C, 858.

not empower the presiding judge to transfer the hearing of a motion to set aside a judgment order, but the change of venue must be made before trial and not after the matter has been decided and a motion filed to set aside the judgment.

**Judges—Application for Change of Venue to Another Judge, if Within Statute, Held Too Late.**

|9. Where a petition in the Circuit Court for appointment as administrator of an estate was heard and acted upon and an order made appointing S. as administrator and thereafter another petitioner by motion sought to have the order annulled and set aside, his application thereafter for a change of venue to another judge, _if within the statute (§§ 45—1 to 45—4, Or. L.), came too late, since application should be made before judgment.

From Multnomah: GEORGE TAZWELL, Judge.

Department 2.

Charles Roedler died intestate on January 9, 1923, at Portland, Oregon, without issue, leaving to survive him as his next of kin and heirs at law Therese Stoesser, *née* Roedler, Karolina Roedler, and Wilhelm Roedler, sisters and brother, residing in Baden, Germany.

On January 12, 1923, James N. Davis, appellant, filed a petition in the Circuit Court of the State of Oregon for Multnomah County, in the matter of the estate of Charles Roedler, deceased, praying that letters of administration be issued to John Verran. Later in the day, J. G. Arnold filed the petition of J. P. Finley & Son, Inc., an averred creditor, in the same court, praying for the appointment of Earl Smith as such administrator. On the same day, an order was made appointing Smith as administrator, notwithstanding a rule of the court which provided for the hearing of such a petition after the expiration of three days from the filing thereof.

Roedler was buried on January 13, 1923. Thereafter, the Stone Cutters' Union, by George F. Alexander, its attorney, filed a petition for the ap-

pointment of William Kenner as administrator of Roedler's estate.

Following the appointment of Smith as administrator, appellant made application to have that order set aside. Thereafter, he filed a motion and affidavit for a change of venue, for the purpose of transferring to another department the hearing of his application to annul the order appointing Smith as administrator. The presiding judge made an order granting the change of venue. Thereafter Smith filed an answer, denying the material averments contained in appellant's petition to annul the order appointing the administrator, and averring new matter. The cause was not transferred, but was heard in the department presided over by the judge who made the order sought to be annulled. The application to set the order aside was denied, and the other petitions hereinbefore referred to were dismissed.

Appellant appeals to this court, assigning error as follows:

1. In appointing Earl Smith administrator.

2. In refusing to set aside that order of appointment.

3. In retaining jurisdiction of the cause.

4. In dismissing the petition of appellant and confirming the order appointing Earl Smith.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. James N. Davis.*

For respondents there was a brief over the names of *Mr. J. G. Arnold* and *Mr. Henry Bauer,* with an oral argument by *Mr. Dan J. Malarkey.*

*Mr. C. T. Haas* filed a brief on behalf of the heirs.

BROWN, J.—In this state, proceedings for the appointment of an administrator are statutory, and decisions from other jurisdictions are not of great assistance in the determination of a question such as the one before us.

1, 2. In the case at bar, no person within a preferred class has applied for appointment. The petition of Finley & Son, Inc., an alleged creditor, does not place Smith in that class.

"Statutes regulating the order in which administration may be granted are mandatory and leave the courts no discretion in the matter, save where there are two or more persons equally entitled under the statute, or where a question arises as to the fitness or qualifications of the person or persons primarily entitled to the appointment." 23 C. J. 1033, 1034, and the many cases in the notes.

3, 4. The Circuit Court is a court of record, and should speak through its records. It acquires jurisdiction of an estate by a written petition, and not by an oral statement. The oral representations made to the judge of the court by the attorney, asking for the appointment of Smith, did not place the petition afterward filed by him prior in time to that of appellant. However, under our statute, the priority of an application for appointment as administrator, made by persons not belonging to a preferred class, does not determine the contest.

The petitioner asserts that the appointment of Earl Smith as administrator was erroneous because of the fact that a prior petition filed by the appellant for the appointment of John Verran as such administrator had not been acted upon. He cites in support of his position *Matlock* v. *Matlock,* 87 Or. 307 (170 Pac. 528). In that case, suit for divorce was instituted

in Lane County by Matlock against his wife. Summons was issued and placed in the hands of the sheriff of Multnomah County for service. Mrs. Matlock, the defendant, could not be found, either in Lane or in Multnomah County. Later, the plaintiff filed an affidavit for publication of summons, and the Circuit Court of Lane County granted an order of publication on the ground that the defendant was concealing herself within the state for the purpose of avoiding service of summons. Thereafter, Mrs. Matlock commenced a divorce proceeding in Multnomah County. On appeal it was properly held by this court that the Multnomah County Circuit Court could not divest the Circuit Court for Lane County of jurisdiction previously acquired over the subject matter of the suit.

But the case of *Matlock* v. *Matlock, supra,* is not controlling in the case at bar. It does not apply. That was a suit between adversaries for a divorce, with parties plaintiff and defendant. In the case at bar, the proceeding was *ex parte,* with neither plaintiff nor defendant.

"In a contest as to the right of administration, there are strictly no plaintiffs or defendants. All applicants are actors, and some may withdraw and others come in at any time during the progress of the cause * * ." 23 C. J. 1056.

In this case, the petitions state the same jurisdictional facts and ask for the same thing, the appointment of an administrator for the Roedler estate. Neither of the parties nominated by the petitions could demand the appointment, as a matter of law. Our statute provides:

"Administration shall be granted and letters thereof issued as follows:

"1. To the widow or next of kin, or both, in the discretion of the court;

"2. To one or more of the principal creditors; or,

"3. To any other person, competent and qualified, whom the court may select." Section 1150, Or. L.

Under the petitions on file in this case, the court had as much power to appoint one petitioner as the other. Neither has any interest in the estate, as heir or creditor, therefore neither comes within a preferred class. Our statute provides, in effect, that when no qualified person within a preferred class applies for appointment within a given time, a discretionary power is vested in the court to select any competent and qualified person; and when the court has lawfully exercised the power vested in it by the law, its judgment, in the absence of abuse, cannot be challenged.

5. The limited facts shown by the record disclose no occasion for the exercise of that great haste in making the appointment that marks the proceedings in this case. However, the appointment, while it appears to have been irregular, is not void, and could have been set aside only on the application of some person having a lawful interest in the estate: *Brunson et al.* v. *Burnett et al.,* 2 Pinn. (Wis.) 185. It is not claimed that the court failed to select a qualified and competent person, but the right to appointment is based wholly upon a prior petition, filed by one who has no preferred rights.

It is asserted that the court erred in retaining jurisdiction of the cause after the order for change of venue was entered.

6. Respondent assails Sections 45—1, 45—2, 45—3 and 45—4, Or. L., being that portion of the statute upon which the motion for change of venue was based,

as unconstitutional. This court will not decide a case upon the question of the constitutionality of a legislative act, whenever there appear of record other grounds sufficient to sustain a proper disposition of the case in judgment: *Elliott* v. *Oliver,* 22 Or. 44 (29 Pac. 1). Also see *Briedwell* v. *Henderson,* 99 Or. 506 (195 Pac. 575), and the Oregon cases there cited.

7, 8. An examination of the matter upon which the application for change of venue was based will disclose that the presiding judge was without authority to make an order transferring from one department to another the hearing of the application to set aside the order appointing an administrator. The statute relating to the disqualification of judges of the Circuit Court should be examined and construed in its entirety. It provides for change of venue of a suit or action for trial, in order that such suit or action may be heard before an impartial judge. The act provides, among other things:

"No judge of a circuit court of the state of Oregon shall sit to hear or try any suit, action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced * * . In such case, the presiding judge shall forthwith transfer the *suit* or *action* to another department of the same court, or call in a judge from some other court * * to try the case." Section 45—1, Or. L.

There is no power conferred upon the presiding judge to transfer the hearing of a motion to set aside a judgment order. The change of venue is made before trial of a suit or action, not after a matter has been decided and a motion filed to set the judgment aside.

9. In brief, the petition in the instant case was heard and acted upon, and an order made appointing Earl Smith as administrator. Thereafter, appellant

sought to have the order of the court annulled and set aside. His application for a change of venue, if within the compass of the statute, comes too late. Application for change of venue for bias should be made before, not after, judgment.

In reaching our conclusion, we are also mindful of the fact that the heirs of deceased have come into court, seeking to have Smith's appointment confirmed.

In view of the record, there can be no good reason for revoking the letters of administration.

This case is affirmed, without costs to either party.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BEAN and McCOURT, JJ., concur.