20255.   BLECKLEY v. WESTERN CAROLINA TELEPHONE CO. et al.
20286.   CITY OF CLAYTON v. BLECKLEY.

STEPHENS, J.   1. Where the wires of a telephone company which are
strung over the street of a city are lowered by the city and come into
contact with highly electrically charged electric-light wires and there
remain, both the city and the telephone company are chargeable with
any negligence which may arise by reason of this condition of the
telephone wire, because, in the case of the city, it created the condition
and therefore knew of its existence, and in the case of the telephone
company, by reason of the length of time this condition existed, that
company failed to exercise due care to discover the dangerous condi-
tion and remove it.   Where afterwards the telephone wire, while lying
upon the electric-light wire, is cut in two and severed by an independent
agency for which neither the telephone company nor the city is respon-
sible, and, while highly charged with electricity coming from the electric-
light wires with which it is in contact, is caused to hang over the street
in such close proximity to the ground as to constitute a condition dan-
gerous to travelers along the street, it could reasonably be anticipated,
apprehended, or foreseen by the telephone company or the city that the
telephone wire, while remaining in this condition in contact with the
electric-light wire, might become cut in two and severed from some
cause, as by some voluntary interference of an independent agent, as
where some person whose life or safety is threatened by the existence
of the telephone wire should cut and sever the wire, and therefore the
dangerous condition of the wire, in hanging over the street as a result
of the voluntary act of the independent agency in cutting and severing
the wire and causing this condition, is one which could reasonably have
been anticipated, apprehended, or foreseen by either the telephone com
pany or the city as a result of the negligence either of the telephone

company or of the city in causing or permitting the wire of the telephone company to remain in actual physical contact with the electric-light wires. Where a traveler along the street is electrocuted by reason of his having come in contact with the hanging wire while it is highly and dangerously charged with electricity because of its being in contact with electric-light wires, the proximate cause of the homicide could be the negligence of the telephone company in permitting its wires to be negligently maintained in close proximity to and in actual contact with the highly electrically charged electric-light wires, or the negligence of the city in lowering the poles supporting the telephone wires and bringing one of them into actual physical contact with the highly electrically charged electric-light wires. This case is distinguishable from *Gillespie* v. *Andrews*, 27 *Ga. App.* 509 (108 S. E. 906).

2. Where the dangerous condition of the wire in hanging over the street after it had been cut had remained for "many days" prior to the injury, at intervals, "sputtering" and "sparking" and giving evidence of being charged with a heavy current of electricity, it was a question of fact for the jury to determine whether the telephone company or the city, in the exercise of due care, could have discovered the dangerous condition of its wire in hanging over the street in dangerous proximity to travelers on the street.

3. The alleged negligence of the telephone company in permitting and allowing one of its wires to rest upon the highly electrically charged electric wires, and the alleged negligence of the city in causing this situation by the lowering of the telephone company's pole and permitting the situation to continue, and the alleged negligence of both the telephone company and the city in permitting the telephone wire to hang dangerously over the traveled street for "many days" prior to the injury, were joint and concurrent acts of negligence which, it could be inferred, proximately caused the injury complained of.

4. Where a petition brought against two defendants as joint tort-feasors alleges acts of each defendant, which, if constituting negligence proximately causing the injury complained of, jointly and concurrently caused the injury, and the court sustains a general demurrer filed by one of the defendants, and overrules a general demurrer filed by the other defendant, it is optional with the plaintiff whether he elects to proceed to trial against the defendant whose demurrer is overruled, or to stand upon his petition as charging the defendants as joint tort-feasors; and where the plaintiff does not elect to proceed to trial against one defendant, but does elect to stand on his petition as charging the defendants as being joint tort-feasors, it is error for the court to undertake to force the plaintiff to trial as against the one defendant, and to dismiss the plaintiff's case for want of prosecution where the plaintiff refuses to go to trial upon the ground that he elects to stand upon the petition as charging the defendants as being joint tort-feasors.

5. This being a suit by the widow against the telephone company and the city, to recover for the homicide of her husband, the petition set out a cause of action against both defendants. The court therefore erred in sustaining the demurrer brought by the telephone company, and in undertaking to force the plaintiff to trial against the city, and in

dismissing the plaintiff's case against the city for want of prosecution. The court did not err in overruling the city's demurrer to the petition. Therefore as respects the bill of exceptions brought by the plaintiff against the telephone company and the city, wherein the plaintiff excepts to the judgment sustaining the demurrer of the telephone company, and to the judgment dismissing for want of prosecution the plaintiff's case against the city, the judgment as to both defendants is reversed; and as respects the bill of exceptions brought by the city, excepting to the judgment overruling the city's demurrer to the petition, the judgment is affirmed.

*Judgment on the main bill of exceptions reversed; on the cross-bill affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 1, 1930.

*LaFayette C. Dotson, Alexander & McLarty,* for plaintiff.
*Thad L. Bynum, Joseph T. Davis, T. J. Johnston,* for defendants.