In re **WOODHOUSE'S ESTATE.**
No. A–6633.

District Court, Alaska. Third Division. Anchorage.
Dec. 29, 1950.

128

---◆---

Cuddy & Kay, Anchorage, for Anna Peterkin, administrator.

L. D. Roach, Anchorage, for M. J. Conroy, contestant.

DIMOND, District Judge.

This is an appeal from an order of the Probate Court, Anchorage Precinct, Third Judicial Division, Territory of Alaska, appointing Anna Peterkin administratrix of the estate of Christopher Woodhouse, deceased.

Christopher Woodhouse died at Anchorage, Alaska, on September 18, 1950. On the following day, Anna Peterkin filed in the Probate Court her petition for appointment as administratrix, alleging that she was an intimate friend of the decedent, familiar with his business affairs and that the decedent, at the time of his death, occupied as a residence a house owned by petitioner. The petition contained no averment of fact or conclusion that the petitioner was a creditor of the decedent or his estate. Upon that petition, the Probate Court made an order fixing the time of hearing for September 29, 1950, at 10 A. M., and directed that notice of hearing be given by posting for 10 days as required by law.

On September 20, 1950, the contestant, M. J. Conroy, filed in the same Court his petition for appointment as administrator, alleging himself to be "one of the principal creditors of said deceased", his close friend and advisor, and in custody of personal papers left in contestant's hands by the decedent. Upon this petition an order was made directing that hearing be had thereon on October 31, 1950, and that notice be given by posting at least 25 days prior to the date of the hearing.

130

On September 22, 1950, M. J. Conroy filed in the Probate Court, objections to the issuance of letters of administration to Anna Peterkin. On September 29, 1950, the Probate Court appointed Anna Peterkin administratrix of the estate. On the same day, Anna Peterkin filed in the Probate Court an amended petition for her appointment as administratrix, alleging " * * * that the decedent at the time of his death occupied as a residence a house owned by your petitioner; that your petitioner is of that class of persons entitled to letters of administration prior to all others except the widow or next of kin of intestate * * * ". On October 6, 1950, the Court made another order appointing Anna Peterkin administratrix, and on that day, letters of administration were duly issued to her.

On October 31, 1950, the Probate Court made an order denying the petition of M. J. Conroy for letters of administration and, upon motion, made an amended order appointing Anna Peterkin administratrix. This order contains the following:

"2. That the written objection of M. J. Conroy to issuance of letters of administration to Anna Peterkin be overruled and his prayer denied for letters of administration on said estate *for the reason that the petition of said Anna Peterkin was the first to be filed in said Court.*" (Emphasis supplied.)

At the hearing in this Court held on December 13, 1950, Anna Peterkin did not appear in person but filed an affidavit stating "that Mr. Woodhouse occupied a house owned by your affiant for a number of months and that he owes your affiant money for the rent thereof; that your affiant is among that class entitled to issuance of letters of administration above all others, other than the widow and next of kin of the intestate; that the petitioner, M. J. Conroy, is not of a class superior to that of Anna Peterkin, but is a member of the same class; that M. J. Conroy, if a creditor, is only one of several creditors of the estate; * * * ".

The contestant, M. J. Conroy, testified orally at the hearing and was subject to cross-examination. He stated in his testimony that he was a creditor of the estate in the amount of more than $1,000; that he had formerly advised the decedent in his business transactions and held a general power of attorney from the decedent authorizing him to act for decedent in all business affairs including the writing of checks on the decedent's bank account. He further testified that he had made arrangements for the burial of decedent and it developed that the burial expenses amounted to approximately $1900.

The challenge to the order of the Probate Judge is based upon three grounds: (1) that the order appointing Anna Peterkin administratrix is premature because the order was made within 30 days after the death of decedent; (2) that no notice was given of the filing of Anna Peterkin's amended petition for appointment as administratrix and therefore the Court was without jurisdiction to act upon that amended petition; and (3) that no competent proof was offered to the Probate Court showing that Anna Peterkin was or is one of the "principal creditors" of the estate.

Our statutory provisions on the subject are to be found in Section 61–3–4, Alaska Compiled Laws Annotated 1949, commonly referred to as ACLA, as follows: " * * * Administration shall be granted, and letters thereof issued, as follows: (1) to the widow or next of kin, or both, in the discretion of the court; (2) to one or more of the principal creditors; or (3) * * * to any other person * * * competent and qualified whom the Court may select."

Section 61–3–5, ACLA 1949, provides: " * * * If those named in subdivision one do not apply for the administration within thirty days from the decease of the intestate, they shall be deemed to have renounced their right thereto; * * * and if the persons named in subdivision two do not make such application within forty days

from such decease, they shall be deemed to have renounced their right to the administration also."

Statutes of the type above quoted are usually construed as mandatory. 33 C.J.S., Executors and Administrators, § 33, pp. 923, 924; 1 Bancroft's Probate Practice 443; In re Roedler's Estate, 1924, 110 Or. 147, 222 P. 301. However, if, as in this case, the Court appoints an administrator of a subordinate class before the time specified in the statute has expired for the appointment of one in the more favored class, the appointment is merely erroneous and not void. 23 C.J. 1033; 33 C.J.S., Executors and Administrators, § 31, p. 922; Alabama Great Southern R. Co. v. Hill, 1912, 139 Ga. 224, 76 S.E. 1001, 43 L.R.A.,N.S., 236; In re Owens Estate, 1907, 32 Utah 469, 91 P. 283; In re Campbell's Estate, 1908, 192 N.Y. 312, 85 N.E. 392, 18 L.R.A.,N.S., 606.

In the case of In re Roedler's Estate, supra, the Court, acting under a statute similar to that of Alaska, appointed a person who was not in the preferred class before the time specified for such appointment. The following is taken from the opinion on appeal: "The limited facts shown by the record disclose no occasion for the exercise of that great haste in making the appointment that marks the proceedings in this case. However, the appointment, while it appears to have been irregular, is not void, and could have been set aside only on the application of some person having a lawful interest in the estate." [110 Or. 147, 222 P. 303.]

The Supreme Court of Washington in the case of In re Utter's Estate, 1920, 112 Wash. 197, 191 P. 836, held that it was not necessary to wait for the period of time specified in the statute when it was shown that there was no person in the preferred group who could qualify. To the same effect is State ex rel. Pryor v. Anderson, 1938, 343 Mo. 895, 123 S.W.2d 181.

■ The record before the Court appears to show that no notice was given of the filing of Anna Peterkin's amended

petition for appointment as administratrix and it is urged that the defect is a fatal one. While there is authority to support that position, In re Wiggins, 1907, 118 App.Div. 488, 103 N.Y.S. 518, it does not here appear that the contestant or anyone else, was prejudiced by failure to give such notice. "One who has actual notice and seasonably appears cannot complain that the citation was insufficient." 33 C.J.S., Executors and Administrators, § 53(2), page 961. A ruling on that question is not necessary, under our procedure, to the decision here made.

The issue more gravely debatable is that which arises from the provisions of the law concerning the appointment as administrator of "one or more of the principal creditors". The term "principal creditor" is not defined in the law itself. In 21 Am.Jur. 417, we find the following: "In some jurisdictions the first applicants among those of a class equally entitled are preferred. This is especially true in case of creditors. However, in the absence of prior application, the creditor whose debt is largest in amount is preferred."

In the case of In re Sullivan's Estate, 1901, 25 Wash. 430, 65 P. 793, 796, recourse was had to Webster's Dictionary, wherein the word "principal" is defined as: "highest in rank, authority, character, importance, or degree; most considerable or important; chief; main."

What is said by the Court in the case last cited is entirely in harmony with common sense and ordinary understanding. If the word "principal" has any meaning at all, it must be the meaning assigned to it in the dictionary as the most considerable or important; chief; main.

Applying that definition to the facts in this case, we find that the contestant, M. J. Conroy, claims the estate of the decedent to be indebted to him in the sum of more than $1,000. In the order of the Probate Court of October 31, denying the Conroy petition, there is a recitation of testimony having been given by contestant "* * * that the

petitioner, M. J. Conroy, is the principal creditor of said decedent, who was indebted to him in an amount exceeding one thousand dollars * * * ".

In her original petition for appointment, Anna Peterkin did not assert that the estate was indebted to her in any sum whatever. Nowhere did she allege, except by indirection and conclusion, that she was a creditor of the estate at all. Her averment, "that your petitioner is of that class of persons entitled to letters of administration prior to all others except the widow or next of kin of intestate", was evidently designed to give no positive factual information but to state only the conclusion of the petitioner based upon facts of which the Court was given no inkling; and even in her affidavit filed in this Court on December 13, 1950, the date of the hearing on the appeal, the administratrix still avoided any definite statement of fact as to the amount of money owed her by the decedent at the time of his death, contenting herself with saying " * * * that he, the decedent owes your affiant money for the rent thereof * * * ". When the case came to the Probate Court, and in this Court as well, it was the duty of all parties to make the fullest disclosure to the Court so that the Court might be enabled to say which party, if either, was a "principal creditor".

Section 64–1–1, ACLA, and following sections contain provisions for the procedure in the District Court upon appeals from the Probate Court. Sections 64–1–3 and 64–1–4 are quoted below:

"Upon the filing of such exceptions the district judge shall proceed on due notice to hear and determine the same at such time and in such manner as he shall prescribe by order, and for that purpose may receive and entertain affidavits and depositions or hear oral evidence.

"Upon such hearing the District Court or judge thereof shall determine the issues so raised accord-

ing to the very right of the matter and make such order in the premises as he may see fit, which order shall be entered in a docket to be kept by the clerk of the court for that purpose, properly indexed, and a copy of the same shall be forwarded to the commissioner before whom the exceptions were filed, who shall thereupon proceed in accordance with such order. Such orders shall be deemed a judgment, subject to appeal in the manner provided for appeals from judgments in the District Court."

The proof offered indicates that contestant M. J. Conroy is one of the principal creditors of the estate. The Probate Court has the duty of determining the amount justly due him. Anna Peterkin, upon the evidence, has not been disclosed to be such a principal creditor.

During the hearing, although somewhat outside of the scope of the issues raised on the appeal, it was established that contestant had authorized the type of funeral which was furnished for the decedent at an expense of approximately $1900. Nothing was shown to justify such a large expenditure and it may be that the contestant, and not the estate, must be held answerable for a part of such expense. That subject, also, is for decision of the Probate Court after careful scrutiny. But the circumstance in itself is not sufficient to warrant the abandonment of the express provisions of the law with respect to appointment of "one or more of the principal creditors" as administrator of the estate of a decedent under the conditions here revealed.

For the reasons stated, the administration of the estate by Anna Peterkin should be terminated at the earliest practicable date and M. J. Conroy appointed administrator.