38308. CITY OF GRIFFIN *et al. v.* McKNEELY, Administrator.

DECIDED JUNE 8, 1960.

*Beck, Goddard, Owen & Smalley, William H. Beck, Jr., Arthur K. Bolton,* for plaintiffs in error.

*Christopher & Futral, Cumming & Cumming,* contra.

GARDNER, Presiding Judge. ■ Counsel for the administrator set up three points which are submitted as issues to be determined by this court. Counsel for the defendants argued the points in practically the same language. We will take up these three points and pass on each one in turn. The first point presented is whether or not the administrator in his official capacity can maintain an action for damages to real estate which occurred before his appointment and qualification as administrator, and at a time when the title to the real estate was in the heirs-at-law of the intestate or where such right of action is in the heirs of the intestate.

It should be noted that the Court of Ordinary of Spalding County granted letters of administration. Such order is conclusive in this proceeding as to the necessity of administration for some or all purposes, and cannot be collaterally attacked as is apparently attempted by counsel for the defendants. See *Maybin v. Knighton,* 67 *Ga.* 103, *Medlin & Sundy* v. *Downing Lumber Co.,* 128 *Ga.* 115 (57 S. E. 232), *Sturtevant v. Robinson,* 133 *Ga.* 564, 572 (66 S. E. 890), *Milner v. Allgood,* 184 *Ga.* 288 (191 S. E. 132), and *Brown* v. *Gibson,* 203 *Ga.* 213 (46 S. E. 2d 68). The order granting leave to the administrator to sell the lot on which the dwelling was located is conclusive on the defendants as to the necessity of such sale by the administrator. See Code § 113-908, and *Hardin* v. *Council,* 200 *Ga.* 822, 835 (38 S. E. 2d 549).

No defects are apparent on the face of the record to make the judgment of the court of ordinary subject to be collaterally attacked. In *Jones* v. *Smith,* 120 *Ga.* 642 (1) (48 S. E. 134), this court held: "The court of ordinary being a court of general jurisdiction, where the record is silent it is to be presumed in favor of one of its judgments that every fact necessary to make it valid and binding was before the court."

The title to the realty is immediately vested in the heirs of an intestate upon his or her death. See Code (Ann.) § 113-901 and *Veal* v. *Veal,* 192 *Ga.* 503 (4) (15 S. E. 2d 725). However, if there be a legal representative, the right to recover for the benefit of the heirs is in such representative. If there be no representative, the heirs may sue in their own names to clear title to land. See *Warren* v. *Federal Land Bank of Columbia,* 157 *Ga.* 464, 468 (122 S. E. 40, 33 A. L. R. 45). In the case of personalty, heirs cannot sue except in some special circumstances, such as the refusal of the administrator to act, or fraud. See *Moughon* v. *Masterson,* 140 *Ga.* 699, 705 (79 S. E. 561), *Williamon* v. *Williamon,* 209 *Ga.* 494 (74 S. E. 2d 71), and *Bennett* v. *Bottoms,* 64 *Ga. App.* 456, 457 (13 S. E. 2d 519). It has been held that even though a person has been dead for more than 15 years with no administrator having been appointed, such would not furnish a sufficient ground for equitable interposition. An action for damages is a chose in action, and after having been resolved in favor of the heirs, it is the duty of an administrator to distribute the liquidated assets to the heirs. There is nothing in this record to show that the estate was settled by mutual consent of the heirs.

Counsel for the defendant contend that the administrator was not a proper party to bring this suit. This case is here on demurrer, hence the allegations of the petition are presumed to be true. The heirs only, and not a third party, can dispute the rights of the administrator. This they have not done. The heirs were instrumental in getting the administrator appointed and certainly are not disputing his right to serve. Of course the defendants would like to show that the administrator is not the right party to bring the suit and thus abate the action, but such is not their province. When the dwelling house

and personal property were destroyed, there was an immediate cause of action for which someone would have to bring suit. The heirs had not brought suit at the time the administrator was appointed and it thus devolved on the administrator, who was probably appointed without objections, to bring the suit. The heirs could not sue out a cause of action to recover for loss of or damage to personalty; thus it was necessary to have an administrator appointed for that reason. Causes of action occurring after the death of a decedent but before letters of administration are granted vest in the administrator. See 33 C. J. S 1084, § 126. _Smith v. Fischer, 52 Ga. App. 598 (184 S. E. 406) is not authority for reversal of the case at bar. That case differed in many respects from the case at bar—for instance, that was a case of trespass with no question of negligence involved whatsoever. The case at bar involved damages alleged to be the result of the negligence of the defendants. We find no law which would bar an administrator, in his official capacity, from maintaining an action for damages to real estate which occurred before the appointment and qualification of an administrator, at a time when the title to real estate was in the heirs-at-law of the intestate, and this is true whether the possession be real or adverse.

■ The second issue involved here is whether or not the administrator, under the facts alleged in the petition, can bring an action to recover for the destruction of personal property or whether such right is in the heirs of the intestate. The matter of whether the heirs were holding the realty and the personalty by reason of adverse possession is not before this court at this time. At any rate, heirs do not take title to personal property and cannot maintain an action for recovery or damage thereto, except in special circumstances such as fraud, etc., and no such special circumstances appear here. If there has been no administrator appointed, one must be appointed to bring such a suit. See Moughon v. Masterson, 140 Ga. 699, supra. A suit for personalty cannot be maintained by heirs even though it be alleged that the decedent owed no debts. See Stone v. Edwards, 32 Ga. App. 479 (124 S. E. 54). There is no doubt but that the administrator was a proper party, and in

fact the only party legally qualified to bring suit for damages to personalty.

■ The third and last point involves the matter of whether or not there was a duty imposed on the defendants to inspect the underground installations to which reference is made in the petition. Counsel for the defendants cite *Cornett* v. *Georgia Public Utilities Co.*, 63 *Ga. App.* 305 (11 S. E. 2d 68). It seems that that case concerned the condition of an appliance, which has nothing to do with the situation involved in the case now before us. Here pipes were originally installed under the supervision and direction of the respective suppliers of utilities. It is true that suppliers of utility services are not chargeable with knowledge of deterioration or defects beyond where the services are delivered to the customer, that is, to the meters, but here the defects were at a point between the trunk lines on the street and the meters, these installations being at all times under the supervision and control of the defendants. At this point the utility companies might have the duty of inspection, but we cannot say, as a matter of law, that they do have, this being a jury question. See *Newill* v. *Atlanta Gas-Light Co.*, 48 *Ga. App.* 226, 228 (172 S. E. 232). The defendants have the duty of ordinary care. It is a jury question as to whether or not the duty of exercising such care entailed the degree of caution shown by the allegations of the petition or whether greater caution was indicated. Negligence, whose negligence and what negligence, are questions for determination by a jury. In regard to the degree of care necessary under such a record as depicted here, see *Trammell* v. *Columbus Railroad Co.*, 9 *Ga. App.* 98 (2) (70 S. E. 892), and *Bleckley* v. *Western Carolina Telephone Co.*, 42 *Ga. App.* 110 (155 S. E. 83).

Under the allegations of this petition, it cannot be said as a matter of law that the defendants had no duty to see that the conduits were in such condition as to afford the customer ordinary protection from danger. This is a question which is addressed to the jury.

The court did not err in the rulings on any of the demurrers.

*Judgment affirmed. Townsend, Carlisle, and Frankum, JJ.. concur.*