BAILEY *et al. v.* McALPIN, ordinary, for use, etc.

1. The Civil Code, § 3359, relating to the appointment of temporary administrators, and § 3381, as to the appointment of the county administrator, relate to diametrically opposite conditions.
2. Section 3358 provides for temporary letters until the one regularly entitled to permanent letters under section 3367 can be appointed.
3. Section 3381 provides for the appointment of the county administrator when it is not likely that any one else will apply. He then qualifies, not temporarily until another is appointed, but permanently, and because no one else will be appointed.
4. Before the county administrator as such can be granted letters, the estate must not only be unrepresented, but not likely to be represented, and this fact must appear after citation has been published once a week for four weeks, as in other cases.
5. The sureties on the bond of a county administrator are not responsible for acts or defaults committed by him under an appointment as temporary administrator.

Argued October 10,—Decided October 17, 1904.

Action on bond. Before Judge Norwood. City court of Savannah. September 1, 1904.

Fripp was appointed county administrator of Chatham county, Bailey and Harrison signing his bond as sureties. Soon thereafter Fripp was appointed temporary administrator of Kelley, the order reciting that he had applied for permanent letters, but that the time required by law before they could issue had not yet expired, and that in the meantime it was necessary that some one should be appointed to collect and take charge of the goods and chattels of the deceased. Subsequently Fripp resigned as county administrator, and Wade was appointed as his successor, and, as county administrator, applied for and was granted permanent letters of administration on the estate of Kelley. He thereupon made demand upon Fripp for money collected by the latter as temporary administrator, and shown by his returns then to be in his possession. This demand not having been complied with, he brought suit against Fripp and the sureties on Fripp's bond as county administrator. The sureties moved to dismiss the suit, because it appeared from the petition that there was no permanent administration by Fripp on the estate of Kelley. The motion was overruled and the sureties excepted.

*Twiggs & Oliver* and *Osborne & Lawrence,* for plaintiffs in error. *William Hampton Wade,* contra.

LAMAR, J.   The law in reference to county administrators was
not intended to affect other provisions of the code.   It was rather
supplementary and intended to provide for an officer who should
be bound to qualify when, because of the meager assets, inability
to give bond, or want of resident heirs or of persons interested, the
estate was likely to be unrepresented.   But there was no pre-
sumption that the estate would likely be unrepresented.   In order
to let that fact be tested, notice must be given.   The code author-
izes the ordinary to vest the administration in the county ad-
ministrator, "a citation being first published for four weeks, as
in other cases." (§ 3381.)    There is here no suggestion that
the county administrator, as such, may be appointed temporary
administrator, under the Civil Code, § 3359, under which the
letters issue at any time and without citation.    On the contrary,
§§ 3359 and 3381 are to meet diametrically opposite conditions.
One section provides for temporary letters until the one regularly
entitled under § 3367 can be permanently appointed.    The other
provides that the county administrator shall be appointed only
when it is not likely that any one else will apply.   He then quali-
fies, not temporarily until another is appointed, but permanently,
and because no one else will be appointed.   It is not contem-
plated that he shall come into competition with others, or that he
shall be appointed in the first instance, but he is to be appointed
only as a last resort.   Every estate is necessarily unrepresented
for some length of time after the death of the intestate.   It is
manifest that this fact alone can not authorize the county admin-
istrator to act as temporary administrator, and thereby increase
the risk of his bondsmen, merely because he makes the first appli-
cation.   In that proceeding there is no provision for notice, or for
hearing evidence as to the likelihood that the estate will not be
represented.    That being true, the county administrator's duty
can not relate to that class of appointments.   A temporary
administrator is appointed without notice.   The county adminis-
trator, as such, can only be appointed in those cases wherein cita-
tion for four weeks is required.   In the present instance Fripp
may be personally liable for what he has collected.    But certain
it is that he has-undertaken an office which did not devolve upon
him by virtue of his position as county administrator.   His bonds-
men are entitled to rely on the rule that their liability as sureties.

is one of strict law, and does not apply to cases like the present, where there was no notice, allegation, or finding that the estate of Kelley was one not likely to be represented. The motion to dismiss should therefore have been sustained.

We were urged in argument to decide other questions, which would be properly raised in case we held the sureties liable, on this bond, for Fripp's acts as temporary administrator. It would be manifestly improper to decide as to the measure of their responsibility in other cases where he was regularly appointed permanent administrator, even though so to do might settle other cases now pending in the court below.

*Judgment reversed. All the Justices concur.*