## SHARPE & DRAKE *v.* HODGES, administrator.

1. There was no error in admitting in evidence a paper purporting to be letters of administration issued to the plaintiff, over the objection of the defendants that the paper on its face did not show whether it was an original or a copy.
2. A judgment of a court of ordinary appointing an administrator can not be collaterally attacked by testimony contradicting the recitals contained in the letters of administration issued upon such judgment.
3. Irrespective of the right of the defendants to collaterally attack such judgment on the ground of fraud in its procurement, the court properly instructed the jury to find against the defendants on this issue, as there was no evidence of fraud.

Argued December 15, 1904. — Decided January 28, 1905.

Equitable petition. Before A. G. Powell, judge pro hac vice. Decatur superior court. May 16, 1904.

*Donalson & Donalson* and *T. S. Hawes,* for plaintiffs in error. *Albert H. Russell* and *B. B. Bower,* contra.

EVANS, J. This was a proceeding brought by C. S. Hodges, as administrator de bonis non cum testamento annexo of Alley Huguley, against Sharpe & Drake, a partnership, to recover possession of a certain tract of land and damages for trespasses already committed thereon, and to obtain an injunction to restrain further trespasses. The defendants denied the title of the plantiff; and averred that they had a prima facie title to the land, and that the appointment of the plaintiff as administrator amounted to a legal fraud upon them, he having procured the appointment for the sole purpose of recovering possession of the land for his own private benefit and profit, and not for the benefit of any heir or creditor of the estate of Alley Huguley. On the trial the plaintiff showed the loss of the original grant from the

State to Alley Huguley, and introduced a certified copy thereof. He also introduced a paper purporting to be letters of administration de bonis non cum testamento annexo, granted to him on the estate of Alley Huguley, and proved damages to the freehold committed by the defendants. The defendants offered no evidence; and the jury, following the instructions given them by the court, returned a verdict in favor of the plaintiff for the premises in dispute and five hundred dollars damages. The defendants, by direct bill of exceptions, complain of various rulings made by the trial court.

1. Objection was made to the introduction of the paper purporting to be letters of administration, on the ground that it did not appear on its face whether it was an original or a copy. There is nothing in the record indicating that the paper was a copy. It was submitted to the presiding judge, and he inspected it and allowed it in evidence. The paper was regular on its face, and the court evidently assumed it to be the original letters of administration granted by the ordinary. If the paper was not in fact a genuine document, as it purported on its face to be, the defendants were at liberty to so show by evidence. There was no merit in the objection made to its introduction.

2. The appointment of an administrator by the court of ordinary is a judgment by a court of general jurisdiction with respect to this subject-matter. Its judgments import verity, and are not open to attack in any other forum. The letters of administration recited every essential jurisdictional fact, and it is to be presumed, until they are set aside in the proper court, that the recitals are true. The defendants undertook to collaterally assail the letters of administration by showing, on the cross-examination of the plaintiff, that he had not taken oath as administrator before the ordinary who had issued the letters of administration. So far as the record discloses, the defendants were trespassers and were in no wise interested in the Huguley estate. A person not interested in the assets of an estate has no right to raise any question as to the legality of a judgment, regular on its face, appointing an administrator. *Jones* v *Smith*, 120 *Ga.* 642. His only concern is, that, if the plaintiff shows such title in the estate as will authorize a recovery against him, he will not be subjected to suits by any other person as heir at law or as administrator of the same

estate.    If the administrator relies, for his authority to bring the suit, upon letters of administration issued by the proper court and regular on their face, a judgment in that suit would protect the defendants against further suit by any other representative of the estate or any person claiming an interest therein.    It follows, therefore, that the court properly overruled the motion of the defendants to rule out the letters of administration on the ground that it appeared from the testimony of the plaintiff that the letters of administration were illegally issued, in that he did not take oath or execute bond before the ordinary who had issued them.

3. It appeared from the testimony of the plaintiff that at one time Hodges & Powell, a firm of which the administrator was a member, claimed title to the land by virtue of a purchase from some person holding adversely to the Huguley estate, and had brought suit against Sharpe & Drake to restrain a trespass upon the identical land now in controversy, which suit was still pending.    The plaintiff admitted that his original purpose was to get the land, but he discovered that the title was in the Huguley estate, had opened up correspondence with the heirs of that estate, and as a result of the correspondence had procured the appointment as administrator and sought to recover the land for the purposes of administration.    He denied that the suit was for his private benefit, but stated that in the event of a recovery he would like, if able to make a satisfactory trade with the persons entitled to the land, to buy it from them.    He insisted, however, that the suit was for the benefit of the estate.    The court held that this testimony was insufficient to show any fraudulent purpose on the part of the plaintiff, and refused to submit the issue of fraud to the jury.    As has already been pointed out, the appointment of the administrator and his letters were regular on their face and were not open to collateral attack, and the evidence could very properly have been excluded by the court.    However, no objection seems to have been made to the introduction of this evidence, and the court merely held, as matter of law, that the issue of fraud set up in the defendants' answer was not sustained, and directed the jury not to consider this issue, but to confine their investigation to the question of title and to the amount of damages sustained by the plaintiff.    The court committed no error in so doing.    The

evidence relied on to establish the plea of fraud, even if that plea could properly be set up in defense to the action, was insufficient to establish the alleged fraudulent purpose of the plaintiff, and a finding in favor of the defendants on that issue would have been unwarranted either by law or the evidence.

<em>Judgment affirmed. All the Justices concur.</em>