STURTEVANT, guardian, *v.* ROBINSON, guardian.

1. In a proceeding under the Civil Code, § 2588, by a foreign guardian to have transferred to him property of his ward in the hands of an administrator in this State, the administrator and resident guardian, more than forty days prior to the term of the court of ordinary at which the written notice stated application would be made for an order of transfer, made written acknowledgment of due and legal service of such notice; the application was filed more than thirty days before

such term; and the resident guardian appeared and, without raising any point as to insufficiency of notice, filed objections to the granting of an order transferring the property, which were sustained by the ordinary. *Held*, that upon the trial, on appeal, before the judge of the superior court, it was not error to hold that the notice to the resident guardian was sufficient, whether the statute means that twenty days notice shall be given prior to the filing of the application, or prior to the presentation of it to the ordinary.

2. Upon the hearing in such a proceeding, the exhibition to the court, by the applicant, of a properly authenticated exemplification as required by the Civil Code, § 2588, showing his compliance with all the provisions of such section, furnishes, in the absence of any evidence to the contrary, sufficient proof of the domicile of the applicant and his ward within the jurisdiction of the foreign court from which the exemplification came, especially where it appears therefrom that the applicant was not only the duly appointed guardian of the person of his ward but also the father of the ward.

3. If upon the hearing it should appear that the value of the property in the hands of a resident guardian or administrator, for the transfer of which the application is made, is more than half the amount of the bond given by the foreign guardian in pursuance of paragraph 1 of section 2588 of the Civil Code, and it should further satisfactorily appear to the court of ordinary, or the judge of the superior court on appeal, from all the facts and circumstances of the case, that the foreign guardian had acted in good faith in executing the bond, believing it to be in double the amount of the value of such property, then the presiding judge may, in his discretion, allow a new bond to be given in accordance with the provisions of the above-cited section of the Civil Code, giving adverse parties reasonable time after the filing, in the court where the proceeding is pending, of a properly certified exemplification from the foreign court, showing the execution of the new bond, in which to investigate the sufficiency of the bond.

4. In a proceeding of this character, the court before which the application for a transfer of the property is pending has no power to direct, or authorize, an administrator to sell real estate, or any interest therein, at private sale, for the purpose of a settlement with the foreign guardian.

5. Where the property which a foreign guardian seeks to have transferred to him consists of an undivided interest of his ward in an estate in the hands of a resident administrator, the court has no power to order such administrator to sell such undivided interest for the purpose of a settlement with the foreign guardian.

6. The judgment of a court of ordinary appointing a guardian can not be collaterally attacked, unless want of jurisdiction appears on the face of the record.

Argued June 17,—Decided December 22, 1909.

Appeal.     Before Judge Charlton.     . Chatham superior court. August 7, 1908.

Horace B. Robinson, as the foreign guardian of his two minor children, applied to the ordinary of Chatham county for the trans-

fer to him, as such guardian, of certain property belonging to his wards, in the hands of Jordan F. Brooks of said county, as administrator of the estate of Lula S. Robinson, deceased.   In the application Robinson alleged himself to be of Levy county, Florida, and to be the duly qualified guardian of the persons and property of his two minor children under appointment by the county court of that county, and that he had complied with all the requirements of the statute of Georgia in reference to the transfer of property to foreign guardians as provided in Civil Code, §2588, as shown by an exemplification submitted with the application.   Attached to the application was an exemplification of the proceedings in the county court of Levy county, Florida, authenticated as required by the act of Congress, showing Robinson to be the duly appointed and qualified guardian of the persons and property of his two minor children, and that he had given bond in the sum of $2,200, with sufficient security, for the faithful execution of his trust, in addition to and over and above the sum in which he was bound as guardian for the property of the minors in Florida.   The property of the minors which the applicant sought to have transferred to him consisted of a two-thirds undivided interest in the estate of their deceased mother, Lula S. Robinson, in the hands of Brooks, the administrator, the applicant being the owner of the remaining one-third interest.   The estate of the mother, Mrs. Robinson, consisted of a one-twelfth undivided interest in four described tracts of land, a one-half undivided interest in thirteen other described tracts of land, and about $800 in cash.   It was alleged that Lillian S. Sturtevant was the guardian, in this State, of the property of the minors here, but she had none of it in her possession.

On March 13, 1907, Brooks as such administrator, and Lillian S. Sturtevant as such guardian, made written acknowledgment of due and legal service of the notice, in writing, directed to them by Robinson that he, as such foreign guardian, would apply, at the following May term of the court of ordinary of Chatham county, for an order transferring to him any property in the hands of either of them belonging to the minors.   On March 26, 1907, the application was filed in the court of ordinary of Chatham county; and at the succeeding May term Lillian S. Sturtevant, as guardian, filed objections to the application for the transfer of the property, upon substantially the following grounds:   (1) The mother of the minors

requested her to take the property in question and use it in educating these children.    (2) The objector and the minors have undivided interests in the same property, and, on account of its condition and location, she is better able to manage it than a nonresident guardian.    (3) The reasonable value of the interest of the minors in the estate of their mother, according to the appraisement of the property of such estate, is $1,500; and if the applicant be entitled to have such interest transferred to him, he should be required to give bond for not less than $3,000, the objector being ready and willing to give bond in that sum, if she should be permitted to take charge of the property.    Brooks, the administrator, filed no objections.    Upon the hearing at the May term, 1907, the ordinary refused to grant the order applied for, and the applicant entered an appeal to the superior court, where the case was, by consent, tried by the judge without the intervention of a jury.    On this trial the application was amended by describing the property in which the minors had an interest, and by alleging that the appointment of Lillian S. Sturtevant as guardian was void, because she was a married woman when appointed, and therefore not qualified to be the guardian of these children.    The amendment was allowed over her objections.    The judge rendered judgment in favor of the applicant.    The objector excepted, assigning error upon the overruling of her objections to the amendment to the application, and upon the judgment ordering the transfer of the property.

*Edward S. Elliott,* for plaintiff in error.

*Saussy & Saussy,* contra.

FISH, C. J.    (After stating the facts.)

1, 2.    The first two headnotes need no elaboration.

3.    It appears from the evidence in the record that the only contested issue upon the trial was as to the sufficiency of the bond given by the foreign guardian for the transfer to him of the property of the minors in this State.    While it was shown that the amount of this bond was less than the aggregate value of the property in this State belonging to the wards, we are clearly of opinion that the judge was authorized to find from the evidence that the applicant had made a bona fide effort to give bond in the amount required by the statute.    This being true, was the judge right in holding that the applicant should be allowed an opportunity to give a new bond, before the proper court in Florida, in double the amount of the

property of the minors in ·Georgia, as shown by the evidence before him? As the judge ordered that Brooks, the administrator, transfer to Robinson, the foreign guardian, all the property of the minors in question in the hands of the administrator, upon Robinson properly increasing the amount of his bond one thousand dollars and filing an exemplification from the foreign court showing that he had done so, it is evident that he was of the opinion that no reason existed why the property of the minors should not be transferred to their foreign guardian, except that the bond was for an amount which was one thousand dollars less than it should be. It is contended by counsel for the plaintiff in error that it was a condition precedent to the filing of the application for a transfer of the property to the foreign guardian that he should give a bond, before the proper authority in the foreign jurisdiction, in double the value of the property at the time the application was filed; and that if the bond which he so gave is less than this in amount, the application is fatally defective. We do not think so. The clear purpose of the statute, in so far as the giving of the bond for the property in this State is concerned, is to properly protect the interest of the ward or wards; and while we think that an application of this character might well be finally passed upon and denied at the hearing of the same, upon the sole ground of insufficiency in the amount of the bond then presented to the court, if there be nothing to show that the applicant had made an honest effort to give a bond in the amount required by the statute, we do not think that there should be any hard and fast rule requiring the denial of the application because of insufficiency in the amount of the bond, in every case, without affording the applicant a reasonable opportunity to cure the defect in his application due to such insufficiency. We do not think that a strict compliance with the requirement of the statute as to the amount of the bond is a prerequisite to the filing of the application for a transfer of the property. It is, of course, a condition precedent to the transfer of the property to the foreign guardian. Property is liable to fluctuate in value, some kinds, such as lint-cotton, for instance, being subject to sudden and violent changes in value. Men honestly differ in their opinions as to the value of given property, especially where it is of such a class that they have no regular market quotations to guide them in forming an estimate; and a sum that might appear to the foreign guardian, after a fair and honest

investigation, to be the reasonable value of the property at the time he executes his bond might upon the hearing of the application be shown, by the evidence then submitted, to be less than its then value and also less than its value at the time of the filing of the application.   For these reasons, and others that might be given, we think that it is within the sound discretion of the ordinary, or the judge of the superior court upon an appeal, to allow the applicant a reasonable opportunity to increase the amount of the bond, or to give a new bond in a sufficient sum, before the proper tribunal in the foreign jurisdiction, when the evidence shows that the foreign guardian has made a bona fide effort to give the bond required by the statute. In such a case, however, the party opposing the application should be given a reasonable time in which to investigate the sufficiency of the security of the new bond, after the filing, in the court where the proceeding is pending, of a properly certified exemplification showing the execution of such bond; and should also be given an opportunity to be heard as to the sufficiency of such security, before any order as to the transfer of the property is granted.   In the present case the court erred in ordering a transfer of the property of the wards by the resident administrator to the foreign guardian, upon the latter increasing the amount of his bond in the sum of one thousand dollars.. The question as to whether the order of transfer should be granted should have been held in abeyance until a properly authenticated exemplification showing the giving of the new bond in the foreign court had been filed in the superior court of Chatham county, and until the objector to the application was afforded a reasonable opportunity, after the filing of the same, to investigate the sufficiency of the security and an opportunity to be heard in reference thereto.   Another error in the order of the court is, that it did not explicitly direct that the new bond should be given in the proper court in the foreign State and a duly authenticated exemplification showing that this had been done filed in the court where the proceeding for a transfer of the property was pending.

4. The judgment of the court directed Brooks, the administrator, "to sell at public or private sale, as in his discretion may be most advantageous, any part or all of said undivided interest of said minors in the real estate" in his hands, "and to pay over to said H. B. Robinson, guardian as aforesaid, the proceeds of said sale, by virtue of this judgment, before which the said H. B. Robinson

shall increase the  .  ·.  bond one thousand dollars." As we
have seen, the order as to the transfer of the property to the forcign
guardian was prematurely granted, there not being evidence before
the court that the bond required by the statute had been given by
the foreign guardian, and the court having no power, before such
evidence was submitted to it, to order the transfer to be made. The
judgment of the court is, however, erroneous in other respects.
While the statute (Civil Code, §2589) provides that in a proceed-
ing by a foreign guardian to have property in this State belonging
to his wards transferred to him, the ordinary "may order the sale
of any real estate, if necessary for settlement with such foreign
guardian," it does not authorize the ordinary to give the administra-
tor power to sell the property at private sale. The law of this
State requires all sales by administrators, except as to wild lands
and crops carried to market, to be public and to be made after due
and legal advertisement. Civil Code, §§3445, 3446, 3452. This
is also the requirement as to sales by guardians, except as to sales
for reinvestment under order of the judge of the superior court.
Civil Code, §§2546, 2547. Exceptions to this rule have been made
in cases where a private sale was made under power conferred in a
deed or will prior to the adoption of the code. This being the well-
established policy of our law in reference to sales by administrators
or guardians, and there being nothing in the particular statute
under which the proceeding in the present case was brought to the
contrary, the court could not have authorized the administrator to
sell the real estate interest of the minors at private sale, even if this
were all of the estate in the hands of the administrator, and so could
not do so with the consent, actual or implied, of one owning all the
interest in the estate except that which belonged to them.

5. Another and more serious objection to the order of the court,
and one which, perhaps, renders the decision as to the power of the
court to authorize a private sale unnecessary, is that the court had
no power to order an administrator to sell the undivided interests
of these wards in the estate which he represented. An administrator
has control over the entire estate of the decedent, but no control
over the separate and individual interests of heirs therein. He does
not represent such individual interests; the separate titles to the
same are not lodged in him. The title which he holds to real es-
tate, when it is necessary for title to be in him, is to the whole inter-

est of the intestate therein; and he can not divide up this title into fractional parts, according to the respective interests of the heirs of the decedent therein, and dispose of such portions by separate sales of the individual interests of those who separately hold fractional, undivided interests in the whole. While he can, under proper order of the court of ordinary, sell realty belonging to the estate, when necessary for the payment of debts of the decedent or for distribution, when he does so he must sell the entire interest of the estate therein. Indeed, we do not think that in a case of this character the court could, upon the mere application of the foreign guardian for a transfer to him of the property in this State belonging to his wards, order an administrator holding lands in which such wards have undivided interests to sell the whole of the title of the estate therein, and to then pay over to such guardian the distributive shares of his wards in the proceeds of the sale, even though the estate owed no debts. Before lands in the hands of an administrator can be sold, either for the purpose of paying debts or for distribution, under orders of the court of ordinary, it is necessary that the provisions of the code in reference to such sales should be complied with, and the code requires the publication, for a stated time, of notice of the application for leave to sell, in order that all those legally interested in the estate may have opportunity to file objections, if any they have, to the grant of the order and to be heard thereon. Civil Code, § 3450. If the court could and should, in a proceeding of the present character, order an administrator to sell land belonging to the estate which he represents, it would deprive all those holding interests in the estate, other than the wards of the foreign guardian, and perhaps those who had filed objections to the application for a transfer of the property of the wards, of the opportunity to be heard in opposition to the proposed sale. It merely happens that the proof in this case shows that the foreign guardian himself, as an individual, owns all the interest in the estate in the hands of the administrator other than that owned by his wards. But this is a conclusion which is reached in a case where there was no notice requiring all persons claiming any interest in the estate in the hands of the administrator to show cause, if any they had, why the administrator should not be authorized to sell the real estate belonging to such estate.

6. The objector demurred to so much of the amendment as

alleged that the appointment of Lillian S. Sturtevant as guardian of the property of the minors was void, because she "is and was when appointed a married woman, and is not the mother of said minors by a former husband, and the ordinary of said county of Chatham was without jurisdiction to appoint a person so disqualified as guardian of said minors' property." The ground of demurrer was, that this was an effort to collaterally attack the judgment of the court of ordinary in a matter of which it had jurisdiction. This demurrer should have been sustained. The court of ordinary is a court of general jurisdiction; and unless want of jurisdiction appears on the face of the record, its judgment can not be collaterally attacked. There was nothing in the petition, or the amendment thereto, showing that Lillian S. Sturtevant was a feme covert at the time she was appointed guardian. In *Maybin* v. *Knighton,* 67 *Ga.* 103, it was held that a judgment granting letters of administration can not be collaterally attacked by showing that the applicant was not a citizen of Georgia, and therefore not qualified to be appointed administrator in this State. *Jones* v. *Smith,* 120 *Ga.* 642 (48 S. E. 134), *Sharpe* v. *Hodges,* 121 *Ga.* 798 (49 S. E. 775), *Medlin* v. *Downing Lumber Co.,* 128 *Ga.* 115 (57 S. E. 232), and *Neal* v. *Boykin,* 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237), are on the same line. While the learned trial judge, in the opinion rendered by him, expressly stated that he deemed it unnecessary to decide whether or not a married woman in this State is qualified to act as guardian of children other than her own by a former deceased husband, it is necessary, in view of the fact that the judgment is to be reversed and another trial had, for this court to pass upon the assignment of error that he erred in overruling the demurrer to the amendment to the petition.

There are numerous assignments of error in the bill of exceptions with which it is not necessary to deal specifically. Many of them assign error upon the reasoning of the judge in the opinion rendered by him in the case. These, of course, can not be considered. The others are clearly without merit.

*Judgment reversed.    All the Justices concur.*