19205, 19209.    NEW YORK LIFE INSURANCE CO. *v.* GILMORE;
and *vice versa.*

STEPHENS, J.    1. A judgment of a court of record, although rendered in a matter in which the court has jurisdiction, can not be "relied on as an estoppel, or as establishing any particular state of facts of which it was the judicial result," except by proof of the proceedings on which the

432

judgment was rendered. *Gibson* v. *Robinson*, 90 *Ga.* 756 (16 S. E. 969, 35 Am. St. R. 250). This is clearly distinguishable from cases such as *Sharpe* v. *Hodges*, 121 *Ga.* 798 (49 S. E. 775), where it was held, in effect, that a judgment can not be collaterally attacked by evidence tending to impeach the record upon which the judgment was based.

2. An ordinary has no jurisdiction to appoint a guardian, where the law requires a citation, except after the issuance of citation as required by law. Civil Code (1910), § 3046; *Torrance* v. *McDougald*, 12 *Ga.* 526; *Perkins* v. *Attaway*, 14 *Ga.* 27. Where citation has not issued as required by law, the judgment appointing a person as guardian is a nullity, and can be collaterally attacked in any proceeding in which the judgment, or the letters of guardianship issued thereon, are relied upon as establishing the legal appointment of the guardian. *Rusk* v. *Hill*, 117 *Ga.* 722 (6) (45 S. E. 42); *Fussell* v. *Dennard*, 118 *Ga.* 270 (45 S. E. 247); *Sturtevant* v. *Robinson*, 133 *Ga.* 564 (6) (66 S. E. 890); *Bell* v. *Love*, 72 *Ga.* 125. The case of *Cuyler* v. *Wayne*, 64 *Ga.* 79, where it was held that the grant of letters of guardianship, in the absence of the required bond of the guardian, is not void, is distinguishable. See *Dooley* v. *Bell*, 87 *Ga.* 74 (13 S. E. 284). Letters of guardianship issued by the ordinary are not conclusive of the legality of the judgment appointing the guardian, but constitute prima facie evidence only of the legal appointment of the guardian. *Perkins* v. *Attaway*, supra. Where it appears from the records of the court of ordinary that the application for the appointment, and the order of appointment and letters of guardianship were issued on the same day, and therefore without the required citation, the judgment and the letters were nullities.

3. Although the person appointed as guardian by the ordinary is the guardian named by the father of the ward in a will, the judgment, the appointment, and the letters of guardianship issued thereon are nevertheless invalid and nullities, where the citation required by law as a condition precedent to the appointment of a guardian has not been made. A testamentary guardian as such can not legally act as guardian for his ward as respects property derived from sources other than the will, without having given bond as required under section 3033 of the Civil Code of 1910. *Poe* v. *Schley*, 16 *Ga.* 364.

4. Where a minor under fourteen years of age is entitled, as a beneficiary under a policy of insurance issued upon the life of her father, to receive the proceeds of the policy, a testamentary guardian of her property, appointed by the father's will, who has not given bond as required under section 3033 of the Civil Code of 1910, and who has not, after citation as required in section 3046 of the Civil Code of 1910, been legally appointed as a general guardian to receive the property of the ward, is not entitled to receive the money. Where the insurance company in good faith paid the proceeds of the policy to the testamentary guardian, in ignorance of the fact that the guardian had not given the legally required bond, the minor on becoming of age can, within the statutory period of limitation, recover from the insurance company on the policy, except whatever amount the defendant may legally set off against the plaintiff's claim. See *Southwestern Railroad Co.* v. *Chap-*

*man,* 46 *Ga.* 538; *Southwestern Railroad Co.* v. *Chapman,* 46 *Ga.* 557. If the defendant could set off any expenditure made by the guardian which inured to the ward's benefit, where the guardian had administered the funds without having qualified to do so, the defendant could not set off any expenditure which the guardian could not legally make, and which could not have been legally made by the testamentary guardian to whom the funds had been paid had the guardian been a legally appointed guardian and had given the required bond and was therefore legally qualified to administer the funds. See note, 33 L. R. A. 759 et seq.

5. The administration by a guardian of funds which he is not legally qualified to administer, as where a testamentary guardian, without having given the required bond, administers funds in his possession belonging to his testamentary ward which the ward has acquired from a source other than the will, is not a legal administration of the ward's funds. Such an administration is a mere nullity, and amounts only to a handling of the ward's money by an individual who has no right to possess or handle it. Therefore no act of his in attempting to administer the estate as guardian is a legal act, or is an act binding upon the ward.

6. In a suit by the ward, after becoming of age, against a person who has paid money belonging to the plaintiff to the testamentary guardian, who was not legally qualified to receive and administer it as the ward's guardian, where the defense interposed by the defendant was that the guardian applied the money to the ward's benefit in the manner required of a guardian legally entitled to administer it, the burden was upon the defendant to show that the guardian had so applied the money. Although the guardian may in good faith have disposed of a part of the funds by investing a portion of them in real estate for the benefit of the ward, who afterwards, during minority, occupied the real estate as a home, there is no presumption that these expenditures were legally made by the guardian's having obtained from the judge of the superior court an order for the investment of the funds in real estate, as required under section 4008 of the Civil Code of 1910.

7. Where it does not appear from the evidence that the guardian obtained from the superior court an order to invest the ward's money in real estate, the evidence is insufficient to show that the investment by the guardian of the ward's funds was a legal expenditure of the funds and that the money of the ward so invested was legally applied to the ward's benefit.

8. Where the ward's estate in the possession of the guardian and administered by him consisted of money only, although some of it had been illegally invested by him in real estate, expenditures on the real estate, made by the guardian out of the ward's money, such as for taxes, fire-insurance, and improvements on the real estate and for labor in connection therewith, were illegal expenditures of the ward's money. The expenditure by the guardian of the ward's money for medical services, proof of death, and funeral expenses of the ward's father, were not for the benefit of the ward, and were therefore illegal expenditures of

the ward's money. Where the guardian was also executor of the estate of the ward's father, a return of an expenditure of the ward's money for court costs due the ordinary, arising out of the administration by the guardian of funds belonging to the ward and to the estate of the father, where it does not appear what portion of the funds were paid by the guardian as court costs arising out of the administration by him as guardian of the ward's estate, does not show what portion of the funds so expended by the guardian in court costs in the court of ordinary were expenditures of the ward's money. Besides, the guardian, having no right to administer the funds of the ward, could not make a legal expenditure of the ward's money as expenses incurred in the administration.

9. Since the guardian had no legal right to handle and administer the funds of the ward in his possession, he could not bind the ward by a contract with the trustee in bankruptcy of the estate of the ward's father, by which he paid a portion of the ward's funds in his possession to the trustee in settlement of a claim which the trustee was asserting against the funds as property of the estate of the father, who had become a bankrupt. Nor did the guardian have the right to employ counsel to assist in this settlement, and to pay the counsel for his services a fee out of the funds belonging to the ward.

10. Although the funds which the guardian had received from the defendant belonged to the ward as the beneficiary in a policy of insurance upon the life of the ward's father, which policy authorized the father to change the beneficiary at any time, and where, before the father designated the ward as the beneficiary, the policy was one payable to his estate, and where in his will the father designated as guardian for the ward the person to whom the defendant had paid the money, and also designated this same person as the executor of the father's will, and directed him to invest the funds coming to the ward under the will in the same manner in which this executor, when acting as guardian of the funds which the defendant had paid to him as guardian, afterwards invested the funds, the ward nevertheless acquired the funds by contract under the policy, and not under the will. The expenditures made by the guardian by investing the funds in real estate without an order from the superior court can not be justified upon any authority given to him as executor or guardian in the will. See, in this connection, § 2498 of the Civil Code of 1910.

11. Where the ward, during minority, accepted the benefits accruing from the illegal expenditure by the guardian of her estate, as where the ward accepted and lived in a home purchased by the guardian with some of the ward's funds, and where the ward afterwards during minority conveyed the home by a deed of conveyance to an educational institution in payment of tuition (which was not a necessary for which the ward could contract), and which the ward had received from this institution, this act of the ward did not, since the ward at the time was under a legal disability to contract, amount to a ratification of the guardian's act. Civil Code (1910), §§ 4232, 4233. There can be no ratification where the ratification consists only in a failure to restore that which

has been dissipated and is not in possession. The failure of the ward, after arriving at majority and becoming sui juris, to surrender the benefits which the ward had received from the illegal expenditure by the guardian of the ward's funds and which the ward had consumed and dissipated, can not amount legally to a ratification by the ward of the guardian's illegal expenditure of the ward's money, or to an acceptance by the ward 'of the funds which the guardian had spent for the ward's benefit. *Southern Cotton Oil Co.* v. *Dukes,* 121 *Ga.* 787 (49 S. E. 788); *White* v. *Sikes,* 129 *Ga.* 508 (59 S. E. 228, 121 Am. St. R. 228); *Betts* v. *Hancock,* 27 *Ga. App.* 63 (107 S. E. 377). Since the ward, upon arriving at majority, is under no duty to ratify the act of the guardian in investing the ward's funds in the real estate which the ward had conveyed during minority to the educational institution, and is under no duty to receive and accept this real estate as being a part of the ward's estate held by the guardian, a failure by the ward, after arriving at majority, to accept this real estate and retrieve it by disavowing her deed, certainly amounts to no ratification by the ward of the guardian's illegal expenditure of the ward's funds, and amounts to no acceptance by the ward of the real estate in which the guardian had invested the ward's funds.

12. Where the entire corpus of the estate, including income derived by the guardian as interest and rents earned from the ward's money out of investments made by the guardian, was expended by the guardian illegally, with the only possible exception of a sum approximating $300 for the education and maintenance of the ward, such as money spent for school expenses, clothing, dental bill, and board for the ward, and where, in their verdict for the plaintiff, the jury found interest only from October 18, 1927, the date upon which the suit was filed, and did not find interest from the date when the money was paid to the guardian, August 9, 1910, on which date the defendant's indebtedness to the plaintiff became due (Civil Code of 1910, § 3434), thus virtually crediting the defendant with interest to which the plaintiff is entitled, in a sum representing the interest earned from August 9, 1920, to October 18, 1927, which approximates $1250, and which is in excess of that applied by the guardian to the plaintiff's maintenance and education, the verdict is within the sum which the plaintiff is legally entitled to recover.

13. The evidence admitted and that offered by the defendant which was not admitted demanded a verdict for the plaintiff, and the court properly so directed.

*Judgment affirmed on the main bill of exceptions, cross-bill dismissed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 4, 1929.

*Bryan & Middlebrooks, W. Colquitt Carter, Wade H. Watson,* for plaintiff in error. *J. P. Highsmith, E. W. Highsmith,* contra.