24469, 24476. DAVIS, administrator, *v.* MELTON *et al.*

DECIDED JULY 26, 1935. REHEARING DENIED SEPTEMBER 4, 1935.

*R. C. Jenkins, S. T. Wingfield,* for plaintiff.

*E. J. Summerour, M. F. Adams, Bryan, Middlebrooks & Carter, John A. Dunaway,* for defendants.

SUTTON, J.   Love Melton died intestate on March 28, 1930, at Langley, South Carolina.   It is contended that at the time of his death Lydia Melton was his lawful wife and only heir at law, and that he was then a resident of Putnam county, Georgia, having left there temporarily to go to South Carolina for the purpose of procuring work.   W. E. Melton, a brother of the deceased, applied for and obtained letters of administration on Love Melton's estate in South Carolina.   Thereafter Mrs. Lydia Melton filed her equitable petition against W. E. Melton in McDuffie superior court, where he then resided, in which she attacked his appointment as administrator in South Carolina as being fraudulent, and sought to have the same declared void and set aside, and prayed judgment against him for the amount of an insurance policy on the life of Love Melton, which the defendant had collected by virtue of his being appointed administrator in South Carolina.   On September 9, 1931, a verdict and decree were obtained in said court in favor of Mrs. Lydia Melton.   Execution issued thereon and was entered on the general execution docket of Putnam county, Georgia.   In November, 1931, W. A. Andrews, the county administrator of Putnam county, was, upon application of Mrs. Lydia Melton, granted by the ordinary of that county temporary letters of administration on the estate of Love Melton, and Mrs. Lydia Melton transferred and assigned the execution against W. E. Melton to said Andrews.   Andrews, as such temporary administrator, brought suit in Putnam superior court on the said judgment against W. E. Melton and against the United States Fidelity & Guaranty Company, the surety on the administrator's bond executed by W. E. Melton in South Carolina.   On January 5, 1932, Andrews, as such county administrator, was appointed permanent administrator of the estate of Love Melton, and the action was so amended as to proceed in the name of Andrews as permanent administrator.   On May 7, 1932, the petition was again amended by striking W. A. Andrews as a plaintiff and substituting W. C. Davis as plaintiff, it being set up that Andrews resigned as county administrator and his resignation

was accepted by the ordinary of Putnam County, and that W. C. Davis had been appointed county administrator in his place, qualified as such, and that letters had been duly issued to him, and that said Davis was now the duly authorized and acting administrator on the estate of Love Melton.

The petition was dismissed on general demurrer, and this court reversed that judgment. For a more complete statement of the allegations of the petition see *Davis* v. *Melton,* 46 *Ga. App.* 639 (168 S. E. 320).

Before this case was reached for trial, after being reinstated, when the remittitur of this court reached the trial court, the plaintiff demurred to the answer filed by the defendant surety company, the demurrer was overruled, and exceptions pendente lite were filed. The surety company filed an amendment to its answer, which was demurred to by plaintiff; and to the order overruling the demurrer the plaintiff filed exceptions pendente lite. Plaintiff tendered an amendment to the petition, which was disallowed in part by the trial judge, and to this order the plaintiff excepted pendente lite. The trial judge overruled a demurrer interposed by the surety company, and error is assigned thereon in the cross-bill of exceptions. The surety company also assigns error therein on the allowance by the trial judge of a part of the plaintiff's amendment above referred to.

The case proceeded to trial, and from the evidence introduced by the plaintiff the following facts affirmatively appeared: The action was originally instituted in the name of W. A. Andrews, as temporary administrator of the estate of Love Melton, and while the action was pending W. A. Andrews was appointed permanent administrator on the estate of said deceased, and made a party plaintiff as such permanent administrator by appropriate order of the court. On November 16, 1931, Mrs. Lydia Melton filed in the court of ordinary of Putnam County an application asking that W. A. Andrews, county administrator of said county, be appointed as administrator of the estate of said Love Melton, and on that day the ordinary passed an order providing "that said W. A. Andrews, county administrator, be and he is hereby appointed temporary administrator on said estate, and that letters as such issue to him upon his taking the oath and complying with the law in such cases made and provided." The oath of Andrews and the temporary

letters were then introduced in evidence. On January 5, 1932, W. A. Andrews was, by order of the ordinary, appointed permanent administrator on the estate of said Love Melton. On May 2, 1932, W. A. Andrews tendered to the ordinary of Putnam County his resignation as county administrator, to take effect immediately. On the same day the ordinary passed this order: "The above and foregoing resignation of W. A. Andrews, as county administrator of Putnam County, read and considered, and accepted, and the said W. A. Andrews is from and after this date relieved and discharged from any and all of the duties of said office." On May 2, 1932, W. C. Davis filed in the court of ordinary of said county, his petition in which he set up that he was a resident of said county for more than a year and was more than twenty-one years old, that the office of county administrator of Putnam county was vacant on account of the resignation of W. A. Andrews, which resignation was accepted by the ordinary, and prayed for an order appointing him county administrator of Putnam County for the unexpired term of W. A. Andrews. The ordinary of said county then on said May 2, 1932, passed an order appointing W. C. Davis county administrator of Putnam County, to hold his office until the first Monday in March, 1934, and until appointment and qualification of his successor, upon his giving bond with good security in the sum of $5000. On May 5, 1932, said W. C. Davis took oath as county administrator. On May 4, 1932, he executed a bond as such in the sum of $5000, which was approved by the ordinary on May 5, 1932.

It appeared that on May 7, 1932, the petition in this case, as above set out, was amended by striking Andrews as plaintiff and substituting W. C. Davis, administrator, as plaintiff in his stead, and alleging that plaintiff "was acting as the administrator on the estate of Love Melton, deceased, under appointment of Putnam court of ordinary, and that letters of permanent administration had been duly issued to him on said estate . . ; that since said time he has tendered his resignation as county administrator, and that the same has been accepted by the ordinary of Putnam County, Georgia, . . that W. C. Davis has been appointed county administrator for Putnam County, Georgia, and that he has qualified as such, and that letters have been duly issued to him, and that said W. C. Davis is now the duly authorized and acting adminis-

trator on the estate of Love Melton, deceased;" and it was prayed "that W. C. Davis, administrator of the estate of Love Melton, deceased, be substituted in the place of W. A. Andrews, administrator of the estate of Love Melton, deceased, as a party plaintiff in said case." Thereupon the court passed an order allowing said amendment and providing "that said W. C. Davis, administrator of the estate of Love Melton, deceased, be and he is hereby made a party plaintiff in said case, in the place of W. A. Andrews, the former administrator on said estate."

On August 24, 1932, the court of ordinary passed this order: "Love Melton, late of said county, in which he died resident, having departed this life, and one W. A. Andrews, county administrator, having been duly appointed by the court of ordinary, administrator of said estate of Love Melton, deceased, who having resigned his position as county administrator before finishing the administration of said Love Melton estate, and the court of ordinary of said county having at a regular term thereof appointed W. C. Davis, administrator de bonis non of the estate of Love Melton, deceased, as county administrator, on condition of his having given administrator's bond as county administrator, and taking the usual oath, and the said W. C. Davis having given the required bond as county administrator and having fully complied with the directions of the court, this is to show that said W. C. Davis is fully empowered and required by law to do all and singular the duties of administrator de bonis non of the estate of Love Melton, deceased, to administer according to law the estate remaining unadministered by the former administrator, W. A. Andrews, county administrator, deceased, and in all respects is authorized to discharge the duties and exercise the power given by law to an administrator de bonis non of the estate of Love Melton, deceased. It appearing as aforesaid, that the said W. C. Davis, county administrator, applied for and was appointed permanent administrator de bonis non on the estate of the said Love Melton, deceased, and qualified as such on the 5th day of May, 1932, and it further appearing that no letters of administration were then and there issued to him as the law provides, it is therefore ordered that such letters be and are hereby issued to him, nunc pro tunc, as of the date and time of his said qualification, May 5th, 1932."

It affirmatively appeared from the plaintiff's evidence that W. A.

Andrews was county administrator until he resigned on May 2, 1932, that as such he had been appointed administrator of the Love Melton estate, and that he had not finished the administration of this estate at the time of his resignation as county administrator. W. C. Davis applied for appointment and was appointed county administrator in the place of W. A. Andrews on May 2, 1932, the same date on which Andrews resigned, and qualified as such on May 5, 1932. W. C. Davis, as county administrator, was appointed administrator de bonis non of the Love Melton estate, and qualified as such administrator on May 5, 1932. So it was impossible for the citation required by law for his appointment as administrator de bonis non to have issued and been published between May 2, 1932, and May 5, 1932. It affirmatively appeared from the records of the court of ordinary introduced in evidence by the plaintiff that the appointment of W. C. Davis as administrator de bonis non of the estate of Love Melton was void. It does not appear that the said Andrews ever resigned his trust as administrator of the estate of Love Melton, otherwise than by resigning as county administrator. At the conclusion of the evidence the trial judge passed this order: "Defendant having moved a nonsuit on the ground that there is no party plaintiff, and it appearing that W. C. Davis has never been legally appointed administrator on the estate of Love Melton, the said motion is granted and a nonsuit ordered." To this judgment the plaintiff excepted.

1. If from any cause an estate be unrepresented, and not likely to be represented, the ordinary shall vest the administration thereof in the county administrator, a citation being first published for four weeks, as in other cases. Code of 1933, § 113-1306; Civil Code (1910), § 3957. The publishing of the citation is essential, and its purpose is to afford notice and opportunity to be heard to those interested in the estate. *McGehee* v. *Ragan,* 9 *Ga.* 135; *Rusk* v. *Hill,* 117 *Ga.* 722 (6), 730 (6) (45 S. E. 42); *Head* v. *Bridges,* 67 *Ga.* 227.

2. "The judgment of a court having no jurisdiction of the person and subject matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Civil Code (1910), § 5964; Code of 1933, § 110-709. The present action is distinguishable in principle from those to which sections 110-701, 110-708

of the Code of 1933 (Civil Code of 1910, §§ 5963, 5968), are applicable, and such cases as *Sharpe* v. *Hodges,* 121 *Ga.* 798 (49 S. E. 775), *Medlin* v. *Downing Lumber Co.,* 128 *Ga.* 115 (57 S. E. 232), and *Neal* v. *Boykin,* 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237), in that the want of jurisdiction appears on the face of the record. *Jones* v. *Smith,* 120 *Ga.* 642 (2) (48 S. E. 134). The judgment of appointment is attacked in this case by the surety on the administration bond of the "pseudo administrator" as being void and a nullity.

3. An ordinary has no jurisdiction to appoint an administrator where the law requires a citation, except after the issuance of citation, and publication as required by law. Where citation has not issued and been advertised as required by law, the judgment appointing a person administrator de bonis non is a nullity, and can be collaterally attacked in any proceeding in which the judgment or letters of administration issued thereon are relied upon as establishing the legal appointment of an administrator, where this affirmatively appears from the record introduced to establish his appointment. *Torrance* v. *McDougald,* 12 *Ga.* 526; *Perkins* v. *Attaway,* 14 *Ga.* 27; *Barclay* v. *Kimsey,* 72 *Ga.* 725; *Rusk* v. *Hill,* supra; *Fussell* v. *Dennard,* 118 *Ga.* 270 (45 S. E. 247); *Sturtevant* v. *Robinson,* 133 *Ga.* 564 (6) (66 S. E. 890)'; *Bell* v. *Love,* 72 *Ga.* 125; *New York Life Ins. Co.* v. *Gilmore,* 40 *Ga. App.* 431 (2) (149 S. E. 799). So where it appears from the evidence introduced by the plaintiff administration that the application for appointment and the order of appointment were made at the same time, and the administrator qualified and letters were issued to him within three days of his application for appointment; and therefore, without the required citation and publication, the judgment appointing and the letters of administration were nullities. It is essential that notice be given so that objections may be made. The citation and publication thereof is a jurisdictional prerequisite to the validity of the judgment appointing the administrator. *Rusk* v. *Hill,* supra; *Head* v. *Bridges,* supra.

4. Furthermore, plaintiff's evidence discloses that W. A. Andrews, the original plaintiff in this case and former county administrator of Putnam county, resigned as county administrator and that W. C. Davis was appointed county administrator in his place, but such evidence does not disclose that W. A. Andrews ever

resigned as administrator of the estate of Love Melton.. It is necessary that the county administrator be granted letters of administration by the ordinary for each particular estate. As regards estates represented by him, he is to be considered as any other administrator. *Bailey* v. *McAlpin,* 122 *Ga.* 616 (50 S. E. 388); *Bailey* v. *McAlpin,* 121 *Ga.* 111 (48 S. E. 699). When he ceases to be county administrator, he does not thereby resign his administratorship upon a particular estate, but remains administrator thereof until he is discharged or his letters are revoked. Civil Code (1910), § 3963, Code of 1933, § 113-1313; *Gibson* v. *Carreker,* 82 *Ga.* 46 (9 S. E. 124); *Bailey* v. *McAlpin,* 122 *Ga.* 616, supra; *Beale* v. *Hall,* 22 *Ga.* 431. When an administrator desires to resign his trust from any cause, he shall petition the ordinary, setting forth his reasons and the name of a suitable person qualified and entitled to serve in his place, and citation shall issue requiring the next of kin to show cause why the resignation should not become effective and the new administrator appointed. Civil Code (1910), §§ 3957, 4095, Code of 1933, §§ 113-1306, 2306. The publication of the application and citation is necessary, in order for the resignation to become effective and valid. *Head* v. *Bridges,* supra.

5. A court of ordinary is a court of general jurisdiction, and therefore the facts which give it jurisdiction need not appear on the face of the judgment or record; for instance the publication of a citation for appointment or removal of an administrator need not appear upon the face of the judgment; and where nothing to the contrary appears, it will be presumed that all of the essential prerequisites have been complied with before the ordinary entered his judgment or order. *Truluck* v. *Peeples,* 1 *Ga.* 3, 5; *Stell* v. *Glass,* 1 *Ga.* 475, 486 (4); *Barclay* v. *Kimsey,* supra. "If, however," such judgments "carry their death wound on their face," that is, if the fact which alone gives jurisdiction be recited and from that fact it appears that the court has no jurisdiction on the face of the record, then the judgment is a nullity; that is where it appears that application for administration and appointment were dated the same day and that oath was made, bond executed, and letters issued just three days thereafter, it would be an impossibility that the citation was published for four weeks as required by law. *Head* v. *Bridges,* supra; *Sturtevant* v. *Robinson,* supra. From the

judgment of appointment in this case, the letters of administration, and records introduced in evidence, appeared the very thing which made the judgment of appointment a nullity, the impossibility for the citation to have been published as required by law.

6. Applying the foregoing rulings to the evidence for the plaintiff in this case, it clearly appears that W. C. Davis was not the legal administrator de bonis non of the estate of Love Melton, and, therefore, the trial court properly granted a nonsuit. *Lay* v. *Sheppard*, 112 *Ga.* 111, 114 (3) (37 S. E. 132).

7. Under the above ruling, it is unnecessary to pass upon any of the other assignments of error made by the plaintiff in error, or upon the assignment of error in the cross-bill. of exceptions sued out by the defendant surety company.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Guerry, J. (designated to participate in this case in place of Jenkins, P. J., disqualified) concurs in the judgment. Stephens, J., dissents.*

STEPHENS, J., dissenting. The judgment of a court of ordinary, which is a court of general jurisdiction, appointing an administrator, is presumably valid, and presumably all of the essentials requisite to the jurisdiction of the court in the particular case have been complied with, in the absence of anything to the contrary affirmatively appearing. *Wash* v. *Dickson*, 147 *Ga.* 540 (94 S. E. 1009); *Jones* v. *Smith*, 120 *Ga.* 642 (48 S. E. 134); *Stuckey* v. *Watkins*, 112 *Ga.* 268 (37 S. E. 401); *Barclay* v. *Kimsey*, 72 *Ga.* 725; *Head* v. *Bridges*, 67 *Ga.* 227, 238; 23 C. J. 1082 § 237; Greenleaf on Evidence (14 ed.), p. 608. The judgment of the court of ordinary in this case, as of May 5, 1932, appointing W. C. Davis administrator de bonis non upon the estate of Love Melton, deceased, and the issuance of letters of administration to W. C. Davis, are presumably valid, and their introduction in evidence establishes prima facie the right of W. C. Davis to administer upon the estate of Love Melton, deceased, and, as such administrator, to maintain a suit to recover a debt due the estate, in the absence of its appearing affirmatively that the court of ordinary had no jurisdiction in the particular case to appoint W. C. Davis administrator of the estate of Love Melton, because of a lack of citation issued as re-· quired by law, or for any other reason. A recital in the judgment appointing W. C. Davis administrator de bonis non, that he "ap-

plied for and was appointed permanent administrator, de bonis non on the estate of the said Love Melton, deceased and qualified as such on the 5th day of May 1932," in view of the presumption that a judgment has regularly issued after the required prescribed preliminaries such as citation, etc., is not a recital that the application, the appointment and the qualification of W. C. Davis as administrator were all made upon the 5th day of May, 1932, and that therefore no citation as required by law could have issued. *Jones v. Smith,* 120 *Ga.* 642 (4) (48 S. E. 134). This recital is at least ambiguous, and giving it a construction in favor of the presumption of the legality of the judgment, it must necessarily be construed as being a recital only that the administrator qualified as such on the 5th day of May, 1932, and not that the application and appointment were also made upon that date. The record is absolutely silent as to whether letters of administration were ever applied for by W. C. Davis or as to whether citation was ever issued. The judgment appointing W. C. Davis administrator de bonis non and the issuance of letters of administration to him, which are in evidence, therefore establish prima facie the legal appointment of him as administrator, with the right as such to recover and collect any indebtedness due the estate. 23 C. J. 1084, 1085. The case of *Gilmore* v. *New York Life Ins. Co.,* 40 *Ga. App.* 431 (supra), is not authority to the contrary. That case was decided upon the assumption that it appeared affirmatively from the record that by reason of the application for the appointment of a guardian and the appointment being on the same date, it appeared affirmatively that no citation had issued and the ordinary had no jurisdiction to make the appointment.

While it appears, by way of recital in the judgment appointing W. C. Davis administrator de bonis non as of May 5, 1932, which was introduced in evidence, that W. C. Davis was at the time county administrator, and while it also appears from the record of the court of ordinary, which was also introduced in evidence, that W. C. Davis had on the 2d day of May, 1932, been appointed county administrator, and that W. A. Andrews, who had formerly been appointed administrator of the estate and who was also county administrator, had resigned the office of county administrator on the 2d day of May, 1932, and while it appears from the recital in the judgment appointing W. C. Davis administrator de bonis non

that Andrews had resigned as county administrator "before finishing the administration of the said Love Melton estate," yet since it nowhere appears from the record when W. A. Andrews resigned as administrator of the estate, or that he ever resigned, these facts are insufficient to establish as a matter of law that no citation for the appointment of W. C. Davis as administrator de bonis non had been issued.

It was not essential to the jurisdiction of the court of ordinary to appoint W. C. Davis as administrator of the estate, that W. C. Davis was county administrator. Therefore the fact that W. C. Davis was not appointed county administrator until three days prior to his appointment as administrator de bonis non of the estate and the issuance of letters of administration to him, does not establish conclusively as a matter of law, or even indicate, that W. C. Davis had never applied for letters of administration and that citation for such appointment had never been issued. An appointment of W. C. Davis as administrator after application for administration and citation legally and regularly made would be a valid and legal appointment even though he had never been county administrator. The judgment appointing him administrator, although he may have been appointed because of the fact that he was the county administrator, would not be invalid and void merely because he had been county administrator only three days at the time of his appointment, and that for this reason it would have been impossible for him as county administrator to have made application for appointment as such as administrator of the estate, and for legal citation to have issued for his appointment as administrator by virtue of his office as county administrator. W. C. Davis, whether he was county administrator or not, could, after application and citation regularly made, have been legally appointed administrator. If he could not in his capacity as county administrator have been legally appointed as administrator, his appointment as administrator in his capacity as county administrator would not, if the court had jurisdiction at the time to appoint an administrator, be invalid and void. The appointment would be valid as an appointment of him in his individual capacity only. If he had given no bond other than the bond which he had given as county administrator, he would still be an administrator appointed by a court having jurisdiction to appoint him as administrator, but

he would be an administrator who had not given the required bond. The judgment appointing him administrator and the issuance of letters of administration, notwithstanding the required administrator's bond had not been given, would nevertheless be good as against collateral attack by a debtor of the estate. *Jones* v. *Smith,* 120 *Ga.* 642 (5) (48 S. E. 134); *New York Life Ins. Co.* v. *Gilmore,* 171 *Ga.* 894, 904 (157 S. E. 188), 23 C. J. 1072, 1077. Only persons interested in the estate,—as the heirs or creditors,— can raise any question as to the validity of the administrator's bond. The decision in *Torrance* v. *McDougald,* 12 *Ga.* 526, is not authority for the proposition that the execution of a bond by the administrator was essential to the validity of his appointment as against collateral attack by a debtor. It was there held that in a proceeding in the court of ordinary by a creditor to remove an administrator de bonis non who had been appointed without the required citation and without having given the required bond, the appointment under both of these conditions was void.

I can conceive of no legal objection to the appointment, as the administrator of an estate, of the county administrator by virtue of his office as such, where the court had after due application and citation acquired jurisdiction to appoint an administrator, notwithstanding the county administrator as such may not have made application for appointment and had not qualified as county administrator until after citation had issued. Where the court of ordinary has acquired jurisdiction to appoint an administrator, after due application and citation, it can make a valid appointment as administrator of a person other than one making application and upon whose application the citation issued. *DeLorme* v. *Pease,* 19 *Ga.* 220 (2).

Although it may appear from the recitals in the judgment appointing Davis administrator de bonis non, and in the record of the court of ordinary introduced in evidence, that Andrews, the former administrator had not on the date of his resignation as county administrator,—which was three days prior to the appointment of Davis as administrator de bonis non,—concluded the administration of the estate, or resigned as administrator, or been removed, the presumption is conclusive, if the court of ordinary had jurisdiction, after citation, to appoint an administrator, that all the facts essential to authorize the appointment had been established.

*Sharpe* v. *Hodges,* 121 *Ga.* 798 (49 S. E. 775). There can be no denial, on collateral attack of the validity of a judgment of a court of ordinary, rendered after due application and citation, appointing an administrator de bonis non, that at the time of the application and the issuance of citation the former administrator had not tendered his resignation as administrator or had not resigned as such. 24 C. J. 1149; Smith *v.* Alexander, 148 Ala. 554 (42 So. 29). If there is any merit in this objection, it would have to be made upon assignment of error and not by a collateral attack upon the validity of a judgment appointing the administrator or of the letters of administration. In Smith *v.* Alexander, supra, the court said: "The point of attack here is that the record affirmatively shows that there was no vacancy in the administration when the appointment of the administrator de bonis non was made. This insistence is rested on the theory that the proceedings leading up to the order of removal were not in conformity to the statutes, and therefore that the court had no jurisdiction to make the order of removal. In construing the proceedings, 'the rule is not that the order is void, unless the record plainly shows that the court had jurisdiction, but, on the contrary, the order must be deemed valid, unless it plainly appears that the court had not jurisdiction; and the leaning of the tribunal in which the order is collaterally assailed will be to such a construction of the record as will uphold the validity of the proceedings. The fact that the court appointed an administrator de bonis non is of itself prima facie evidence that there was a vacancy in the administration, and will be held conclusive until it is clearly and explicitly disproved.'—Gray *v.* Cruise, supra, [36 Ala. 559] and authorities there cited. Following this rule of construction, it does not affirmatively appear from the record that McQueen Smith was not a person authorized by the statute (section 94 of the Code of 1896) to make the application. While it may be said that it affirmatively appears from the record that the application for the removal and the order were made on the same day and citation was not served, nor publication made, it does not follow, nor will it be presumed, on collateral attack, that the court did not have proper jurisdiction of the person of Davis [the administrator who was removed]; it being a court of general jurisdiction with respect to the subject-matter."

As I construe the record, the plaintiff Davis was not, as county

administrator, made a party plaintiff in this case; but was as administrator de bonis non of the estate of Love Melton, deceased, by amendment to the petition, made party plaintiff.

Although, as was held in *Bailey* v. *McAlpin,* 121 *Ga.* 111 (5) (48 S. E. 699), a county administrator as such can not be appointed temporary administrator and thereby have his surety as county administrator surety for his acts as temporary administrator, nevertheless one who is a county administrator may be appointed a temporary administrator. It therefore would seem that the appointment of a county administrator as temporary administrator is not void, although the appointment may have been made upon the grounds that he was county administrator and as such was appointed temporary administrator. The appointment would be an appointment of the county administrator as temporary administrator in his individual capacity, and the sureties on his bond as county administrator would not be liable for his acts as temporary administrator. The judgment appointing him as administrator and the issuance of letters of administration to him would not be void because of his failure to give the required bond. See citations supra. There is, therefore, no merit in the contention that W. A. Andrews, in whose capacity as temporary administrator suit was originally brought, had no authority to file and maintain the suit because he, as county administrator, was appointed temporary administrator. W. A. Andrews, having been appointed permanent administrator pending the action, was properly by order made party plaintiff in his capacity as permanent administrator. Civil Code (1910), § 3937.

There is no merit in the objection that the court of ordinary had no jurisdiction to appoint the administrator of the estate of Love Melton upon the ground that Love Melton was not at the time of his decease a resident of the county in which the administration was granted. This is concluded by the judgment of the court of ordinary. *Sharpe* v. *Hodges,* 121 *Ga.* 798 (49 S. E. 775).

Moreover, there appears in the record no plea attacking the validity of the appointment of W. C. Davis as administrator de bonis non. While there is a plea attacking the validity of the appointment of Andrews upon the ground that the court of ordinary had no jurisdiction to appoint him, because the deceased did not live in the county, there is no plea attacking the validity of the judg-

ment of the court of ordinary appointing Davis. That being true, it was not essential to the establishment of the plaintiff's case that he prove Davis' authority as administrator to maintain the suit. *Bray* v. *Parker, 82 Ga.* 234 (3) (7 S. E. 922) ; *Merritt* v. *Cotton States Life Ins. Co., 55 Ga.* 103 (3).

While from the record as to the proceedings in the court of ordinary as appears in evidence the inference may be strongly authorized that the appointment of Davis as administrator was invalid for lack of jurisdiction in the court at the time to make the appointment and issue letters of administration, because no citation had issued, this inference is not demanded as a matter of law, so as to overcome the presumption as to the regularity of the proceedings and the happening of all jurisdictional facts arising upon the introduction in evidence of the judgment of the court of ordinary appointing Davis administrator and issuing letters of administration to him. If in fact the ordinary had no jurisdiction to make the appointment, by reason of a lack of citation as required by law, and the plaintiff is not, as administrator, entitled to recover, this should be defensive matter which the defendant should establish by plea and evidence in support thereof.

I am therefore of the opinion that a prima facie case was made out in favor of the plaintiff W. A. Davis as administrator de bonis non, and that the court erred in granting a nonsuit.

I dissent from the judgment of affirmance on the main bill of exceptions. Since the judgment on the main bill is affirmed, I concur in the judgment of dismissal of the cross-bill of exceptions.